# IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

## CARL EMMETT WYATT,

Appellant,

v.

## STATE OF ALABAMA,

Appellee,

CASE No. CR-99-1947

APPEAL FROM THE CIRCUIT COURT OF
AUTAUGA COUNTY
CASE No. CC-99-322

APPLICATION FOR REHEARING, MOTION TO AMEND AND
CORRECT THE STATEMENT OF FACTS, AND BRIEF IN SUPPORT OF
APPLICATION FOR REHEARING

Attorney for Appellant:
GARY A. C. BACKUS
GARY A. C. BACKUS, L.L.C.
POST OFFICE BOX 1804
MONTGOMERY, ALABAMA 36102-1804
(334) 265-0800



# IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

CARL EMMETT WYATT,

Appellant,

v.

STATE OF ALABAMA,

Appellee,

CASE No. CR-99-1947

APPEAL FROM THE CIRCUIT COURT OF
AUTAUGA COUNTY
CASE No. CC-99-322

APPLICATION FOR REHEARING, MOTION TO AMEND AND
CORRECT THE STATEMENT OF FACTS, AND BRIEF IN SUPPORT OF
APPLICATION FOR REHEARING

Attorney for Appellant:
GARY A. C. BACKUS
GARY A. C. BACKUS, L.L.C.
POST OFFICE BOX 1804
MONTGOMERY, ALABAMA 36102-1804
(334) 265-0800

# TABLE OF CONTENTS

| | |
|---|---|
| Table Of Contents | 1 |
| Appellant's Application for Rehearing | 2 |
| Motion to Supplement and Correct the Statement of Facts | 3 |
| Table Of Cases, Statutes, And Other Authorities Cited | 5 |
| Statement of the Issues Presented for Review | 6 |
| Argument | 7 |
| Conclusion | 11 |
| Certificate of Service | 12 |

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA

| | |
|---|---|
| CARL EMMETT WYATT, | ) |
| Appellant, | ) |
| v. | ) Case No. CR-99-1947 |
| STATE OF ALABAMA | ) |
| Appellee. | ) |

## APPELLANT'S APPLICATION FOR REHEARING

COMES NOW the Applicant, Carl Emmett Wyatt, in the above styled cause, and pursuant to Rule 40 of the *Alabama Rules of Appellate Procedure*, applies to this Court for rehearing and consideration of the Court's opinion rendered on October 20, 2000, which affirmed the judgment of the Circuit Court of Autauga County, Alabama.

As grounds for this Application for Rehearing, the Applicant respectfully avers that the Court's opinion affirming the Circuit Court of Autauga County, Alabama, is contrary to the issues involved in this case.

WHEREFORE, the Applicant petitions this Court to withdraw its opinion dated October 20, 2000, and to reverse or remand the judgment entered by the Circuit Court of Autauga County, Alabama.

RESPECTFULLY SUBMITTED this 20th day of October, 2000.

GARY A. C. BACKUS (BAC008)
Attorney for the Applicant

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF ALABAMA

| | |
|---|---|
| CARL EMMETT WYATT, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. CR-99-1947 |
| | ) |
| STATE OF ALABAMA | ) |
| | ) |
| Appellee. | ) |

## MOTION TO SUPPLEMENT AND CORRECT THE STATEMENT OF FACTS

COMES NOW the Applicant, Carl Emmett Wyatt, in the above styled cause, and respectfully moves that this Court, pursuant to Rule 39(k) of the *Alabama Rules of Appellate Procedure*, supplement and correct its statement of facts in its opinion rendered on October 20, 2000, to include the following:

## STATEMENT OF FACTS

In the weeks prior to the underlying incident, Carl Wyatt and his friend, Herman Searcy, were robbed and burglarized numerous times (R-55, 100, 103, 111). Because of this Mr. Wyatt purchased a pistol for protection (R-122). Mr. Wyatt lived on the same street, but Mr. Searcy asked Mr. Wyatt to stay at the Searcy home to assist Mr. Searcy because of the numerous recent break-ins (R-116). On June 1, 1999, Mr. Wyatt was staying at the home of Mr. Searcy (R-116). Both had been drinking alcohol all day on May 31, 1999 (R-126). So during the darkness in the early morning of June 1, 2000, Mr. Wyatt heard the entry door of the home slam shut (R-127). As he had a pistol with him,

-3-

he shot at the outline of what he expected to be an intruder, and who actually turned out to be his friend, Mr. Searcy (R-127). Mr. Wyatt had to convince Mr. Searcy to go to the hospital because Mr. Searcy did not think he could go without insurance (R-128, 129). Mr. Searcy died on June 9, 1999, following complications after the medical treatment (R-82).

    RESPECTFULLY SUBMITTED this 5th day of October, 2000.

                                                GARY A. C. BACKUS (BAC008)
                                                Attorney for the Applicant

# TABLE OF CASES, STATUTES, AND OTHER AUTHORITIES CITED

JUDICIAL AUTHORITY                                                           PAGE

*Ex Parte Brooks*, 695 So. 2d 184 (Ala. 1997)                                 9

*Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed.
    2d 1 (1978)                                                              6

*Cage v. Louisiana*, 498 U.S. 39, 111 S. Ct. 328,
    112 L. Ed. 2d 339 (1990)                                                 8

*Finney v. State*, 348 So. 2d 876, 877 (Ala. Cr. App. 1977)                   6

*Freeman v. State*, 651 So. 2d 576 (Ala. Cr. App. 1994)                       8

*City of Montgomery v. Weldon*, 195 So. 2d 110,
    280 Ala. 463, (1967)                                                     7

*Ex Parte Roberts*, 662 So. 2d 229, 231 (Ala. 1995)                           6


NON-JUDICIAL CITES                                                           PAGE

Reckless Murder, ALA. CODE § 13A-6-2(a)(2), (1975)                            6

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I      Whether there was sufficient evidence to convict Carl Wyatt.

II      Whether Carl Wyatt waived his *Miranda* rights.

III      Whether the jury was charged with the correct definition of reasonable doubt.

# ARGUMENT

## I - Whether there was sufficient evidence to convict Carl Wyatt.

Carl Wyatt was accused and indicted of the crime of Reckless Murder, ALA. CODE § 13A-6-2(a)(2), (1975). The applicable section states as follows:

> (a) A person commits the crime of murder if:
> 
> \*\*\*
> 
> (2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person....

In the evidence presented at trial, there was not sufficient evidence presented by the prosecution, and no evidence presented by the defense, as to the requisite elements of the crime.

A criminal defendant cannot be convicted without proof of each of the elements of the crime charged. Furthermore, both the burden of production and burden of proof are on the prosecution to present evidence beyond a reasonable doubt as to each element of a crime charged. See *Ex Parte Roberts*, 662 So. 2d 229, 231 (Ala. 1995), *Finney v. State*, 348 So. 2d 876, 877 (Ala. Cr. App. 1977), and *Burks v. United States*, 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978).

The burden of proof as to the element of the crime that refers to recklessness was not met. The prosecution's only attempt to present evidence of the element of recklessness was through Carl Wyatt's previous statement given through the law enforcement authorities. Mr. Wyatt used the term "reckless" when describing his behavior. However, he did not state this with the legal definition of recklessness in mind. He simply meant he had committed an action without thinking through to the eventual result. The word reckless, when used as an element of Reckless Murder, is used as a term of art, and has a specific definition. The prosecution must prove the presence of recklessness, using

the legal definition.

## II - Whether Carl Wyatt waived his *Miranda* rights.

Carl Wyatt waived his *Miranda* rights, and signed a document stating such. However, when waiving these rights, Wyatt was under the influence of alcohol. In fact, his .15% blood alcohol content (b.a.c.) was approximately twice the legal limit of driving, which is .08% b.a.c. (R-49). Mr Wyatt was so intoxicated, and was so visibly under the influence of alcohol, that investigators would not question him until the following morning when the effects of alcohol would be reduced in his system (R-49).

"Waiver is voluntary surrender or relinquishment of some known right, benefit or advantage..." *City of Montgomery v. Weldon*, 195 So. 2d 110, 113, 280 Ala. 463, 467 (1967). Acceptance and waiver of any rights by the Defendant did not rise to the level of knowledge that an effective waiver requires. At the time the waiver was signed Mr. Wyatt did not have the mental capacity to waive his *Miranda* rights. Mr. Wyatt was not given his rights in the future when he was under a more positive mental state.

## III - Whether the jury was charged with the correct definition of reasonable doubt.

The jury was instructed,

On the other hand, if after asking yourself that same question: Is Mr. Wyatt guilty? If the answer that freely and naturally flows back to you is: I have not doubt for which I can assign a reason but that he is, and if that is based on the evidence that has been presented to you, then the law says that that's the kind of case that would entitle the State to a finding of guilt.
You know the State doesn't have to prove guilt to you beyond all doubt. They don't have to prove guilt to a mathematical certainty. But they must prove guilt beyond

that doubt for which there is a reason. Not one that you have to reach or strain or grope for, but one that freely and naturally comes to you.
**It has been said that proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it in the most important of your own affairs.** (R-159-160). (emphasis added).

The right of a defendant to be found innocent unless he is proven guilty on all counts beyond a reasonable doubt has been a basic requirement of the American legal system since the birth of our country. The United States Supreme Court has recently dealt with the issue of criminal trials requiring a lesser proof to convict a defendant. In *Cage v. Louisiana*, 498 U.S. 39, 111 S. Ct. 328, 112 L. Ed. 2d 339 (1990), the Court found that if the instruction equated "reasonable doubt" to "grave uncertainty," and "actual substantial doubt" and stated that what was required was "moral certainty" a reasonable jury could interpret the instruction to allow a lesser degree of proof to convict than that required by the Due Process Clause.

This precedential line of reasoning has been followed in this Court in *Freeman v. State*, 651 So. 2d 576 (Ala. Cr. App. 1994). In *Freeman*, this Court reversed the conviction and cautioned the trial court, referring to a possible *Cage* violation1, *Id.* at 598. *Cage* has been considered in the Alabama Courts in the following cases, among others:

> *Ex parte White*, 587 So. 2d 1236 (Ala. 1991), cert. denied, 502 U.S. 1076, 112 S. Ct. 979, 117 L. Ed. 2d 142 (1992); *Williams v. State*, 601 So.2d 1062 (Ala. Cr. App. 1991), aff'd without opinion, docket no. 190682 (Ala.), cert. denied, 506 U.S. 957, 113 S. Ct. 417, 121 L. Ed. 2d 340 (1992); *Martin v. State*, 548 So. 2d 488 (Ala. Cr. App. 1988), aff'd, 548 So. 2d 496 (Ala.), cert. denied, 493 U.S. 970, 110 S. Ct. 419, 107 L. Ed. 2d 383 (1989).

There have been holdings that have not followed the reasoning of *Cage, supra,* one of the latest being *Ex Parte Brooks*, 695 So. 2d 184 (Ala. 1997). But as explained in *Brooks*, the degree to

---

1 *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986) was also cited and was the determining factor in the reversal of *Freeman*.

which these cases are distinguished is directly "relate[d] to the degree of evidence necessary for a conviction." Directly contrary to the case at hand, the prior statement in Brooks was prefaced with the phrase, "that raising the degree of doubt that would require an acquittal impermissibly reduces the State's burden of proving guilt." In other words, what the Court said in *Brooks* was that raising the degree of proof required for a conviction was allowable, but **raising the degree of doubt to justify an acquittal was not allowable** (emphasis added). The Courts instructions to the Jury did just that; the Court said, **"It has been said that proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it in the most important of your own affairs."** (R-159-160). (emphasis added).

## CONCLUSION

For the above stated reasons, the Applicant prays for a rehearing of this appeal and a decision on the merits of the issues presented. The Applicant further respectfully requests a remand for resentencing.

                                            Respectfully submitted,

                                            GARY A. C. BACKUS (BAC008)
                                            Attorney for the Appellant

OF COUNSEL:

Gary A. C. Backus, L.L.C.
Post Office Box 1804
Montgomery, Alabama 36102-1804
(334) 265-0800

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Instruments on the following by hand delivery or U.S. Postage prepaid and properly addressed on this the 20th day of October 2000.

Honorable Bill Pryor
Attorney General of Alabama
11 South Union
Montgomery, Alabama 36130

Honorable Janice Clardy
Autauga County District Attorney
Post Office Drawer 401
Wetumpka, Alabama 36092

_____
Of Counsel