*6/29/04*
*T/S*

*Stonett*

IN THE COURT OF CRIMINAL APPEALS
STATE OF ALABAMA


CARL EMMETT WYATT,

APPELLANT,


VS.


STATE OF ALABAMA,

APPELLEE.


---

ON APPEAL FROM THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

CASE NO. CC-99-322.60

*CR-03-1347*

---

BRIEF AND ARGUMENT OF THE APPELLANT

---

CARL EMMETT WYATT, pro se
211315
200 Wallace Drive
EASTERLING CORRECTIONAL FACILITY
CLIO, ALABAMA 36017-2615



EXHIBIT
2B

## TABLE OF CONTENTS

CITATION OF THE AUTHORITIES..................................iii

STATEMENT OF THE CASE / FACTS...............................iv

ISSUES PRESENTED FOR REVIEW.................................v

ARGUMENT OF THE ISSUE(S)....................................vi

CONCLUSION..................................................vii

CERTIFICATE OF SERVICE......................................viii

## CITATION OF THE AUTHORITIES

PAGE

Adams v. State, 280 Ala.App., 197 So.2d 155 (1967).........vi(f)

Alderman v. State, 647 So.2d 29 (Ala.Crim.App.1994).........vi(b)

Bacot v. State, 597 So.2d 754 (Ala.Crim.App. 1992).........vi(c)

Boykins v. State, 703 So.2d (Ala.Crim.App. 1997)...........vi(f)

Campbell v. State, 19 Ala.App. 349, 352, 97 So. 783 (1923).vi(f)

Lee v. State, 545 So.2d 69B (Ala.Crim.App. 1969)...........vi

Ruffin v. State, 513 So.2d 63 (Ala.Crim.App. 1987).........vi(e)

Sprinkle v. State, 368 So.2d 554 (Ala.Cr.App.1978).........vi(e)

Eubanks v. State, 28 Ala.App. 456, 453, 185 So. 770 (1939)vi(f)

Williams v. State, 34 Ala.App. 253, 39 So.2d 29 (1949).....vi(f)


OTHER AUTHORITIES

McMann v. Richardson, 297 US 759, 771 (1970)..............vi(f)

People v. Chin, 155 N.Y.S. 2d 973, 675, 128 A.D. 2d 589 ...vi(e)

Powell v. Alabma 287 US 45, 77 L.Ed 2d 158, (1932).........vi(f)

U. S. V. Byrd, 143 L.Ed 2d 123...........................vi(b)

U. S. V. Lasky, 592 F.2d 560.............................vi(d)

U. S. v. Mayes, 158 F.3d 1215............................vi(b)

C. Gamble, McElroy's Alabama Evidence, § 69.01(1)(2d ed 19.vi(e)

iii

## STATEMENT OF THE CASE / FACTS

This case comes to this Court from the denial of a Rule 32 Petition, pursuant to the Alabama Rules of Criminal Procedure. The Appellant originally filed this Rule 32 Petition on June 27, 2001, at which time the "In Formal Pauperis Declaration" was granted and a copy sent to the District Attorney's Office.

The District Attorney's Office filed it's answer to the Petition for relief on September 17, 2001, and the case remained on docket several months without action from the Courts.

The Appellant then filed a Writ of Mandamus, based on an unreasonable delay of the Courts. Wyatt's Rule 32 Petition was ordered dismissed on June 4, 2002, and Appellant entered written notice of appeal, entered on docket on June 19, 2002.

Wyatt filed numerous pleadings including another writ of mandamus, which was denied and eventually a 28 U.S.C. 2254, in the Federal District Court, all alleging that the trial court interfered and purposely denied the Appellant his chance to appeal the denial of his Rule 32.

It was during the 2254 proceeding, that the Attorney General's Office was notified by the office of the Circuit Clerk that the Appellant had entered a properly filed notice of appeal

iv (a)

on the action yet it had been misplaced in the Clerk's Office. This appeal was docketed with the Criminal Appeals Court on May 18, 2004, almost two years later.

## ISSUES PRESENTED FOR THE REVIEW

### I.

WHETHER THE TRIAL COURT ERRED TO REVERSAL FOR IT'S FAILURE TO CONDUCT AN EVIDENTIARY HEARING AND GRANT THE PROPER RELIEF TO THE APPELLANT, ORDERING A NEW TRIAL; A NEW SENTENCE PROCEEDING OR OTHER RELIEF?

ANSWER : YES

v

## ARGUMENT OF THE ISSUE

I:

WHETHER THE TRIAL COURT ERRED TO REVERSAL FOR IT'S FAILURE TO CONDUCT AN EVIDENTIARY HEARING AND GRANT THE PROPER RELIEF TO THE APPELLANT, ORDERING A NEW TRIAL: A NEW SENTENCE PROCEEDING OR OTHER RELIEF?

ANSWER : YES

In this instance the Appellant reached his burden of presenting a Rule 32 Petition which has merit. If the issues where taken as true, then the Appellant would in fact be entitled to relief.

An evidentiary hearing must be held on a coram nobis petition which is meritorious on its face. A petition for a writ of error coram nobis is meritorious on its face only if it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon sufficient to show that the petitioner is entitled to relief if those facts are true. <u>Lee v. State</u>, 549 So.2d 638 (Ala.Crim.App. 1989).

The Appellant's first issue argued on his Rule 32 was as follows:

vi

A. <u>The Constitution of the United States or of the State of Alabama requires a new trial or other relief:</u>

I. Constitutional presumption of Innocence
(Due Process)

In every Court in the United States of America or the State of Alabama, the accused is presumed innocent until proven guilty, by a fair, impartial trial/jury. Under the Fourteenth (14th) Amendment of the United States Constitution; the Constitution of Alabama, Article I, sec. 7 & Article 1, sec / 6.

In the trial of Carl Emmett Wyatt, he was compelled to wear prison jail clothing at the trial, even though his own clothes were available after having been brought by his family. The Appellant specifically and properly presented this issue for review in his Rule 32 Petition. A hearing should have been held on this issue, to determine whether this action violated the Appellant's presumption of innocence; thus his due process rights of the fourteenth amendment of the United States Constitution.

The Court failed to demonstrate whether there was a compelling interest for the Appellant to be displayed in front of his jury in jail cothing. One of the basic components of a fair trial is the presumption of innocence, and to implement the presumption, courts must be alert to factors, that may undermine the fairness of the fact-finding process. U.S.C.A. Const. Amend. 5. <u>United States v. Mayes</u>, 158 F.3d 1215, certiorari denied <u>Byrd v. United States</u>, 119 S.Ct. 1130, 525 U.S. 1185, 143 L.Ed 2d 123.

vi (b)

The Appellant's second issue pertains to the Indictment of Carl Emmett Wyatt. He was indicted on two (2) counts of murder as contained in the indictment on one said victim Herman Searcy. The indictment failed to contain a lesser included offense of murder.

The Appellant argued that he was denied the effective assistance of counsel pertaining to the challenges of his indictment, both on failure of the trial court to instruct on a lesser included offense of murder, and alleging that the nature of the indictment pertaining to count one prejudice the Appellant, due to the nature and cause of the first count int he indictment.

Also alleged under the ineffective assistance of counsel standard was that counsel failed to raise the issue of involuntary confession. Mr. Wyatt's blood alcohol level was .15% at the time he was questioned by Officer Jay McMichaels.

Wyatt further alleged that Counsel failed to raise the issue of intervening cause of death / contributing negligence / slight negligence. It is evident that the alleged victim in this case died as a result of being immobile due to the surgery which was a direct result to pulmonary embolism. Also, the testimony of Dr. Edward Neal Foxhallis reveal that Mr. Searcy died from pulmonary embolus and delirium tremens, which is withdrawal from alcohol.

vi(c)

Therefore, other factors contributed to the death of the victim, which presents facts consistent with instruction of a lesser included offense.

The order of the Court dismissing the Appellant's Rule 32 petition is vague and fails to specifically demonstrate reason why relief should not have been rendered the Appellant. The Court stated in part "The Petitioner failed to show that his appearance in prison garb was compelled by the State or that he brought it to the attention of the trial court. "

This assertion by the trial court is totally without merit. The Court and the jury was fully aware of the fact that the Appellant was in bright orange jail clothing. The State tends to set the stage as if the Appellant willingly desired to go to trial in prison clothing. The Appellant was confined in jail, under the custody and control of jail officials, his desires were not considered, and the Court very well knows that. His choices were to enter Court or be trial without his presence.

The State submitted an Affidavit of Robert Bowers, jr. (Attorney representing the Appellant at Trial), even he fails to mention any assertions concerning being force into Court in Jail Clothing. This issue was properly demonstrated with specificity, and Wyatt is entitled to relief on this issue.

The record is totally clear that the Appellant demonstrate also with specificity his claims of ineffective assistance of

vi(d)

counsel.

The first assertions made by trial counsel in his affidavit is that " I have reviewed my file in Mr. Wyatt's case and do not specifically recall the particulars about the case."

The remainder of his attack to the issues of Wyatt, was made as he put it "as an experienced lawyer practicing criminal law at that time." Therefore, the entire affidavit of subject to attack when it is not based upon memory of his clients case.

The record reflects that Wyatt's petition for relief is meritorious on it's face and deserving of an evidentiary hearing. In **Alderman v. State**, 547 So.2d 28 (Ala.Crim.App. 1994) the Court ruled that a petition is meritorious on its face when it contains a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the facts relied upon sufficient to show that the petitioner is entitled to relief if those facts are true. Especially where the Petitioner has shown that the cause of death was contributed by factors other than the gun shot. Due process is violated whenever a defendant is sentenced on basis of information that is material false or unreliable. **united States v. Lasky**, (1979, CA( Cal) 592 F.2d 560. Also, the Appellant demonstrated that Counsel failed to supress testimony, the State alleged that it is barred. This is not the

vi(d)

Case. A Court's denial of a pretrial motion to suppress evidence is a final ruling on the admissibility of that evidence, and counsel does not have to object to the receipt of the evidence when it is offered at trial to preserve his objection. **Bacot v. State**, 597 So.2d 754 (Ala.Crim.App. 1992). In **Ruffin v. State**, 513 So.2d 63 (Ala.Crim.App. 1987) the Court ruled that when evidence only creates a mere suspicion of guilt, it was wholly insufficient to support a conviction.

The prosecutor in this case used evidence of other wrongs, or acts as a scheme, without objection of counsel. On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative value is to show his bad character, inclination, or propensity to commit the type of crime for which he is being tried. **C. Gamble, McElroy's Alabama Evidence**, § 69.01(1)(3d ed. 1977).

Where the prosecutor used prejudicial attacks upon Wyatt deprived him of a fair trial. See **People v. Chin**, 525 N.Y.S. 2d 673, 675, 138 A.D. 2d 389 (1988):

In **Sprinkle v. State**, 368 So.2d 554 (Ala.Cr.App.1978), cert. quashed, 368 So.2d (Ala. 1979), this Court set forth in detail the duties and responsibilities of the prosecuting attorney: "The primary duties of the office of the District Attorney are to see

vi(e)

that justice is done. Adams v. State, 250 Ala. 678, 198 So.2d 155 (1967), and to see that the court and jury decisions are made by the evidence. Wilbanks v. State, 28 Ala.App. 456, 458, 185 So. 770 (1939); Williams v. State, 34 Ala.App. 253, 39 So.2d 29 (1949)."

In the performance of his duties the District Attorney should treat the defendant fairly and the witnesses courteously, ~~be scrupulously fair in all his examination and remarks~~ both in examination and in argument . Campbell v. State, 19 Ala.App. 349, 352, 97 So. 783 (1923).

It is well settled that every person is entitled not only to the assistance of counsel, but also to the effective assistance of counsel. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 2d 158, 84 A. L. R. 527 (1932). Constitution of Alabama, Article I § 6. Also, the State must appoint counsel for an accused felon if he cannot afford to hire his own.

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecutions. See McMann v. Richardson, 397 U.S. 759, 771 (1970). In Boykins v. State, 708 So.2d (Ala.Crim.App. 1997), the State appeals court ruled that a defendantcan challenge the voluntariness of a guilty plea in a timely filed Rule 32 Petition, even though the claim could have

been, but was not, raised into the trial court by a timely
objection, a timely motion for new trial.

## CONCLUSION

For the reasons indicated herein this case is due to be reversed and remanded for further proceeding.

Carl E. Wyatt
Carl Ernest Wyatt
211315
200 Wallace Drive
Easterling Correctional Facility
Clio, Alabama 36017-2615

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Office of the Attorney General, by placing a copy of the same in the Prison Mail Room for United States Mail, postage prepaid on this _8_ day of _June_____, 2004.

_Carl E. Wyatt_____
Appellant

viii