No. CR-03-1347

## In the COURT of CRIMINAL APPEALS of ALABAMA

◆

CARL EMMETT WYATT,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

◆

*On Appeal From the Circuit Court of Autauga County (CC-99-322.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*

Marc A. Starrett
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

July 6, 2004



EXHIBIT 2C

## STATEMENT REGARDING ORAL ARGUMENT

The State of Alabama does not request oral argument, because the issues before this Court are adequately briefed and the Court's decisional process would not be significantly aided by oral argument. Ala.R.App.P. Rule 34 (a)(3).

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT......................... i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES.................................... iv

STATEMENT OF THE CASE.................................... 1

STATEMENT OF THE ISSUE.................................. 3

STATEMENT OF FACTS...................................... 4

    I.   Wyatt's direct appeal ........................... 4

    II.  Wyatt's Rule 32 petitions ...................... 4

STANDARDS OF REVIEW..................................... 8

SUMMARY OF THE ARGUMENT................................. 9

ARGUMENT

   The Trial Court Did Not Err In Summarily Denying
   Wyatt's Rule 32 Petition. ........................... 10

   A.  Wyatt's "prison clothing" claim is procedurally
   barred.......................................... 11

   B.  Wyatt's ineffective assistance of counsel claims
   are meritless or procedurally barred.................12

   1.  Failure to challenge the indictment..............11

   2.  "Failure of the trial court to instruct on   lesser
   included offense".................................. 13

   3.  Failure to "raise the issue of involuntary
   confession"........................................ 13

## TABLE OF CONTENTS (CONT'D)

4.  Failure to raise issues regarding the victim's cause of death...................................................... 15

5.  Failure to prevent the admission of evidence of other crimes, wrongs, or acts............................... 16

CONCLUSION........................................................ 18

CERTIFICATE OF SERVICE....................................... 19

## TABLE OF AUTHORITIES

**Cases**

Bearden v. State,
    825 So. 2d 868 (Ala. Crim. App. 2001). ................. 15

Bell v. State,
    845 So. 2d 856 (Ala. Crim. App. 2002). ................ 16

Ex parte Lawley,
    512 So. 2d 1370 ....................................... 12

Hamm v. State,
    2002 WL 126990 (Ala. Crim. App. 2002) ................ 16

Johnson v. State,
    835 So. 2d 1077 (Ala. Crim. App. 2001) ............... 12

McNair v. State,
    706 So. 2d 828 (Ala. Crim. App. 1997) ................ 12

Reed v. State,
    748 So. 2d 231 (Ala. Crim. App. 1999) ................ 13

Roberson v. State,
    864 So. 2d 379 (Ala. Crim. App. 2002) ................ 11

Slaton v. State,
    CR-00-1592, 2003 WL 22220752 (Ala. Crim. App. 2003) .... 16

Strickland v. Washington,
    466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 1984) .. 11

Thomas v. State,
    766 So. 2d 860 (Ala. Crim. App. 1998) ................ 17

U.S. v. Cronic,
    466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed 2d 657
    (U.S. 1984).......................................... 17

## Table of Authorities (Cont'd)

V.R. v. State,
  852 So. 2d 194 (Ala. Crim. App. 2002)................... 11

Wyatt v. State,
  CR-99-1947, slip op. at 3-4, 6 (Ala. Crim. App.
  Oct. 20, 2000)....................................... 14-15

Yarbrough v. State,
  841 So. 2d 306 (Ala. Crim. App. 2002)............... 11-12

**Rules**

Ala.R.Crim.P.

  Rule 32 (a)(3), (a)(5)................................. 11

v

## STATEMENT OF THE CASE

Carl Emmett Wyatt appeals from the June 4, 2002 judgment of the Autauga County Circuit Court, the Honorable John Bush presiding, summarily denying relief sought by his May 17, 2001 Ala.R.Crim.P. Rule 32 petition.  (C. 4, 5, 12, 42)  Wyatt's Rule 32 petition stemmed from his May 8, 2000 Autauga County Circuit Court reckless murder conviction, on which Wyatt was sentenced to thirty years' imprisonment. (C. 5)

This Court previously affirmed Wyatt's conviction and sentence on direct appeal by memorandum opinion.  Wyatt v. State, CR-99-1947 (Ala. Crim. App. Oct. 20, 2000).[1] The Supreme Court of Alabama denied Wyatt's petition for writ of certiorari, and this Court issued a certificate of judgment on April 20, 2001.

The State moved to dismiss Wyatt's Rule 32 petition, arguing that Wyatt's claims were precluded.  (C. 34)  Wyatt filed a petition for writ of mandamus in this Court, asking the Court to direct the trial court to rule on his petition.  (C. 36)  This Court directed the trial court to

---

[1]The Court is respectfully requested to take judicial notice of its records in Wyatt's direct appeal.

respond to the petition for writ of mandamus, and the trial court did so, dismissing Wyatt's petition on June 4, 200. (C. 39, 42)  Shortly thereafter, this Court dismissed Wyatt's petition for writ of mandamus.  (C. 52)

Wyatt filed a notice of appeal from the trial court' judgment on Jun 17, 2002.  (C. 53) The Autauga County Clerk's Office inadvertently failed to submit the appella documents to this Court.  (C. 79)  Wyatt filed a second Rule 32 petition asking for an out-of-time appeal, and th State requested that the trial court grant Wyatt's petiti on that ground.  (C. 60-75, 79)  On February 11, 2004, th trial court granted Wyatt the right to file an out-of-time appeal in this Court from the denial of his initial Rule 3 petition (C. 81), and this appeal followed.

## STATEMENT OF THE ISSUE

Did the trial court err in summarily denying Wyatt's

Rule 32 petition?

## STATEMENT OF FACTS

### I.  Wyatt's direct appeal

On May 8, 2000, Carl Emmett Wyatt was convicted of reckless murder, a violation of Alabama Code (1975) § 13A-6-2 (a)(2), following a trial in Autauga County Circuit Court.  (C. 5)  The trial court sentenced Wyatt to thirty years' imprisonment.  (C. 5)  This Court affirmed the trial court's judgment on October 20, 2000, Wyatt v. State, CR-99-1947 (Ala. Crim. App. Oct. 20, 2000), and, following the Supreme Court of Alabama's denial of Wyatt's petition for writ of certiorari, this Court issued a certificate of judgment on April 20, 2001.

### II.  Wyatt's Rule 32 petitions

On May 17, 2001, Wyatt filed a petition for relief pursuant to Ala.R.Crim.P. Rule 32, presenting the following claims:

> 1) he was denied his constitutional rights by "[b]y being compelled to wear prison/jail clothing at the trial" (C. 16-17);
>
> 2) his trial counsel was ineffective, a) by failing to raise the issue that "reckless murder is not a lesser included offense of murder" (C. 17); b) because prejudicial evidence of other wrongs or acts was admitted at trial regarding the shooting in question (C. 17-18); c) by failing to argue that his confession was rendered

4

involuntary due to his intoxication at the
time of his statement (C. 18-19); and, d)
by failing to argue that his victim did
not die as a direct result of his gunshot
wound (C. 19-20);

3) "Newly discovered material facts" require
the reversal of his conviction, namely,
the State failed to give him adequate
notice of its intention to use Ala.R.Evid.
Rule 404 (b) evidence at trial and the
evidence was inadmissible.

(C. 20-21).

On September 18, 2001, the State moved to dismiss
Wyatt's claims, arguing that they were precluded because
they could have been raised at trial or on appeal. (C. 34)

Robert Bowers, Jr., Esq., was Wyatt's defense counsel
at trial. (C. 11) Bowers submitted an affidavit, stating,
in pertinent part, the following:

"In this case Mr. Wyatt was charged with
Murder and Reckless Murder. Said charges
were listed as separate counts on the
indictment and thus Reckless Murder was
specifically set out as its own charge and
not a lesser included offense as alleged by
Mr. Wyatt in his petition. I was successful
in removing the charge of Murder from the
indictment and Mr. Wyatt was tried for
Reckless Murder as stated in the indictment.

"Mr. Wyatt alleges that I did not object to
his statement being entered as evidence based
on his 'involuntary' intoxication. However,
there is no fact basis that indicated that
his intoxication was anything other than

5

voluntary. Therefore the statement was admissible.

"Mr. Wyatt's allegation regarding the victim's cause of death was not addressed in the defense. However, testimony was elicited from witness [sic] mentioning the cause of death. Specifically, pulmonary embolism was mentioned as the cause of death. The jury received this testimony and weighed it in light of Mr. Wyatt's guilt or innocence and rendered a verdict accordingly. Therefore Mr. Wyatt's allegation that the cause of death was not presented in his defense is without merit.

"As to the admissibility of the testimony of witnesses mentioned in Mr. Wyatt's petition, the Court admitted the testimony over my objection. Therefore the issue was reserved for appeal and my actions were proper in preserving the issue."

(C. 40-41)

Following Wyatt's filing a petition for writ of mandamus that sought a ruling on his Rule 32 petition (C. 36-39), the trial court dismissed Wyatt's petition, holding, in pertinent part, the following:

"1. The Petitioner failed to show that his appearance in prison garb was compelled by the State of that he brought it to the attention of the trial court.

"2. Having considered the affidavit submitted by trial counsel for the Petitioner, the allegation regarding ineffective assistance of counsel [sic] the Court finds counsel met standards set forth in Strickland v. Washington.

6

"3.  Petitioner's challenge to a ruling of the
court as to admissibility of testimony could
have been raised on appeal and is, thus,
precluded from review.  Rule 32.2(a)(5).

"Based on the foregoing, it is hereby ORDERED,
ADJUDGED and DECREED that the Petitioner's
Rule 32 ARCrP Petition is dismissed."

(C. 42)

Wyatt attempted to appeal from the trial court's
judgment, but the trial court's clerk apparently failed to
submit the appeal documents to this Court.  (C. 53, 69-70,
79)  Wyatt filed a second Rule 32 petition seeking an out-
of-time appeal from its judgment on his first petition,
and, in accordance with both the second petition and the
State's request, the trial court, on February 11, 2004,
granted Wyatt an out-of-time appeal from the denial of his
initial Rule 32 petition.  (C. 60-75, 79, 81)  This appeal
followed.

## STANDARDS OF REVIEW

A trial court's judgment denying a petition for post-conviction relief is reviewed only for an abuse of discretion, and will be affirmed if correct for any reason. Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999).

## SUMMARY OF THE ARGUMENT

Wyatt has failed to demonstrate that the trial court erred in summarily dismissing Wyatt's Rule 32 petition. His claim that he was prejudiced by wearing prison clothing during trial is precluded because it could have been raised at trial or on appeal.  Wyatt's various ineffective assistance of trial counsel claims are either meritless or procedurally barred as having been first raised in this appeal.

Therefore, the trial court's judgment denying Wyatt's Rule 32 petition is due to be affirmed.

### ARGUMENT

**The Trial Court Did Not Err In Summarily Denying Wyatt's Rule 32 Petition.**

On appeal, Wyatt contends that the trial court erred in summarily dismissing his petition, arguing:  A) his constitutional rights were violated by his wearing prison clothing at trial (Appellant's Brief vi(b),(d)); B) his trial counsel was ineffective, 1) by failing to challenge his indictment "due to the nature and cause of the first count in the indictment" (Appellant's Brief vi(c)), 2) because of the "failure of the trial court to instruct on the lesser offense of murder" (Appellant's Brief vi(c)), 3) by failing to "raise the issue of involuntary confession" due to his intoxication (Appellant's Brief vi(c)), 4) by failing to raise "the issue of intervening cause of death/contributing negligence/slight negligence" because his victim died from "pulmonary embolus and delirium tremens" (Appellant's Brief vi(c)-(d)), and, 5) by failing to prevent the admission of evidence of other wrongs or acts at trial (Appellant's Brief vi (d)-(e)).

## A.  Wyatt's "prison clothing" claim is procedurally barred.

Wyatt's claim that his constitutional rights were violated by appearing in court in prison clothing (Appellant's Brief vi(b),(d)) is procedurally barred, because he could have raised this issue at trial or on appeal.  Ala.R.Crim.P. Rule 32 (a)(3), (a)(5).  Cf. Roberson v. State, 864 So. 2d 379, 392 (Ala. Crim. App. 2002) ("'[A]n accused 'may not remain silent and willingly go to trial in prison garb and thereafter claim error.'"(citation omitted)).

## B.  Wyatt's ineffective assistance of counsel claims are meritless or procedurally barred.[2]

"To prevail on a claim of ineffective assistance of counsel, [Wyatt] must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficient performance."  Yarbrough v. State, 841 So. 2d 306, 309 (Ala. Crim. App. 2002), citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed.

_____

[2] Although Wyatt was represented by different counsel at trial and on direct appeal (C. 11), Wyatt's ineffective assistance of trial counsel claims do not appear to be procedurally barred by appellate counsel's failure to raise the claims on direct appeal.  V.R. v. State, 852 So.2d 194, 202-203 (Ala. Crim. App. 2002)(opinion on application for rehearing).

2d 674 (1984) and <u>Ex parte Lawley</u>, 512 So. 2d 1370, 1372 (Ala. 1987). Wyatt is required to show that "there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." <u>McNair v. State</u>, 706 So. 2d 828, 829 (Ala. Crim. App. 1997). "When reviewing a claim of ineffective assistance of counsel, [the Court] indulge[s] a strong presumption that counsel's conduct was appropriate and reasonable." <u>Johnson v. State</u>, 835 So. 2d 1077, 1080 (Ala. Crim. App. 2001).

### 1. Failure to challenge indictment

Wyatt's claim that his trial counsel was ineffective by failing to challenge his indictment (Appellant's Brief vi(c)) is meritless. Wyatt's trial counsel, Robert Bowers, Jr., Esq., testified that he did, in fact, challenge the indictment and obtained a successful result, removing the charge of intentional murder from the indictment:

> "In this case Mr. Wyatt was charged with Murder and Reckless Murder. Said charges were listed as separate counts on the indictment and thus Reckless Murder was specifically set out as its own charge and not a lesser included offense as alleged by Mr. Wyatt in his petition. I was successful in removing the charge of Murder from the indictment and Mr. Wyatt was tried for Reckless Murder as stated in the indictment."

(C. 40)  Trial counsel therefore successfully challenged Wyatt's indictment, and was not ineffective on this issue.

## 2.  "Failure of the trial court to instruct on lesser included offense"

Wyatt's next ineffectiveness claim, based "on failure [sic] of the trial court to instruct on a lesser included offense of murder," (Appellant's Brief vi(c)) is procedurally barred because it was not presented in Wyatt's Rule 32 petition.  (C. 5-22) "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition."  Reed v. State, 748 So. 2d 231, 234 (Ala. Crim. App. 1999).

## 3.  Failure to "raise the issue of involuntary confession"

Wyatt's ineffectiveness claim based on trial counsel's failure to "raise the issue of involuntary confession" (Appellant's Brief vi(c)) regarding his confession to Autauga County Deputy Sheriff Jay McMichael is meritless. Wyatt's trial counsel testified that "there is no fact basis that indicated that his intoxication was anything other than voluntary.  Therefore the statement was admissible."  (C. 40)  In addition, in its memorandum opinion on direct appeal, this Court noted that trial

13

counsel had, in fact, objected to the admission of the
statement, and that the trial court did not err in
admitting Wyatt's statement:

> "The appellant appears to contend that the
> trial court erred in overruling his objection
> to introduction of a statement made by the
> appellant to Jay McMichael.  Specifically, he
> argues that he was under the influence of
> alcohol at the time he made the statement, and
> that he was unable to appreciate the
> consequences of waiving his rights.
>
> "...
>
> "In light of the totality of the circumstances
> and given that Jay McMichael testified that
> the appellant appeared to understand his
> rights, the evidence did not establish that
> the appellant was unconscious of the meaning
> of his words.  The intoxicated state of the
> appellant was a factor for the jury to
> consider. [Citation omitted.]
>
> "Based on the foregoing, we conclude that the
> trial court did not err in overruling the
> appellant's objection to the admission of the
> statement to Jay McMichael into evidence.
> [Footnote omitted.]"

Wyatt v. State, CR-99-1947, slip op. at 3-4, 6 (Ala. Crim.

App. Oct. 20, 2000).  Therefore, contrary to Wyatt's

contention, trial counsel raised this issue at trial, but

the evidence was admitted over his objection.  Further,

even if trial counsel had not done so -- as Wyatt suggests

-- he could not have been found ineffective for failing to

raise a meritless issue.  Trial counsel "could not be
ineffective for failing to raise a baseless objection."
Bearden v. State, 825 So. 2d 868, 872 (Ala. Crim. App.
2001).

### 4.  Failure to raise issues regarding the victim's cause of death

Wyatt's claim that trial counsel was ineffective by
by failing to raise "the issue of intervening cause of
death/contributing negligence/slight negligence" because
his victim died from "pulmonary embolus and delirium
tremens" (Appellant's Brief vi(c)-(d)) is meritless.  Trial
counsel testified that Wyatt's "allegation regarding the
victim's cause of death was not addressed in the
defense[,]" but that the jury weighed pulmonary embolism as
a cause of the death of his victim.  (C. 40)  This Court
noted that the jury was presented with testimony that
Wyatt's victim, Herman Searcy, "died from complications
resulting from a gunshot wound to the abdomen." Wyatt v.
State, CR-99-1947, slip op. at 3. Wyatt did not meet his
burden of pleading facts to demonstrate that trial counsel
was ineffective on this issue.  A decision such as whether
to pursue this "defense" was a matter of trial strategy,
and Wyatt has not "overcome the presumption that, under the

15

circumstances, the challenged action 'might be considered sound trial strategy.'"  Bell v. State, 845 So. 2d 856, 859 (Ala. Crim. App. 2002).  "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way."  Slaton v. State, CR-00-1592, 2003 WL 22220752, at *5 (Ala. Crim. App. 2003)(citation omitted).

### 5. Failure to prevent the admission of evidence of other crimes, wrongs, or acts

Wyatt's final ineffective assistance claim on appeal -- that his trial counsel was ineffective by failing to prevent the admission of evidence of other wrongs or acts (Appellant's Brief vi (d)-(e))-- is meritless.  Wyatt acknowledged in his Rule 32 petition that trial counsel objected to the admission of evidence of other crimes, wrongs, and acts, but the trial court admitted the evidence over that objection.  (C. 20) Wyatt's trial counsel also noted this fact in his affidavit.  (C. 40-41) It is clear that trial counsel was not ineffective by unsuccessfully objecting to the admission of this evidence.  See, e.g., Hamm v. State, 2002 WL 126990, at *21 (Ala. Crim. App. 2002) (trial counsel not ineffective for failing to ensure

the exclusion of certain evidence, when he objected to the admission of that evidence); Thomas v. State, 766 So. 2d 860, 889-890 (Ala. Crim. App. 1998) (trial counsel not ineffective for failing to object to introduction of certain evidence, when he did, in fact, move to suppress that evidence).

Wyatt has therefore failed to demonstrate that his trial counsel rendered ineffective assistance to warrant relief under Strickland v. Washington.

> "The right to the effective assistance of counsel is thus the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing. When a true adversarial criminal trial has been conducted --even if defense counsel may have made demonstrable errors -- the kind of testing envisioned by the Sixth Amendment has occurred."

U.S. v. Cronic, 466 U.S. 648, 656, 104 S. Ct. 2039, 2045, 80 L. Ed 2d 657 (U.S. 1984).

## CONCLUSION

For the foregoing reasons, the trial court's judgment is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

P. David Bjurberg
*Assistant Attorney General*
by:

Marc A. Starrett
*Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this ___6th___ day of July, 2004, I did serve a copy of the foregoing on the following, by placing the same in the United States Mail, postage prepaid and properly addressed as follows:

> Carl Emmett Wyatt, AIS # 211315
> Easterling Correctional Facility
> 2002 Wallace Drive
> Clio, Alabama  36017-2615

_____
Marc A. Starrett
Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300
154914/STARRETT
67047-001

19