Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-03-1347            Autauga Circuit Court CC-99-322.60

Carl Emmett Wyatt v. State of Alabama

SHAW, Judge.

Carl Emmett Wyatt appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2000 conviction for reckless murder and his resulting sentence of 30 years' imprisonment. This Court affirmed Wyatt's conviction and sentence on direct appeal in an unpublished memorandum issued on October 20, 2000. See Wyatt v. State, (No. CR-99-1947) 820 So. 2d 174 (Ala. Crim. App. 2000) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on April 20, 2001.



Wyatt filed the present petition on June 27, 2001, raising several claims, including ineffective assistance of counsel. After receiving a response from the State, the circuit court summarily denied the petition on June 4, 2002.[1]

I.

Wyatt contends that he was denied a fair trial because, he says, he was forced to appear before the jury in prison clothing. This claim is procedurally barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed at trial and on appeal.

II.

Wyatt contends that his trial counsel was ineffective for various reasons.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of counsel. A defendant has the burden to show (1) that his counsel's

---

[1] We note that Wyatt filed a second Rule 32 petition on December 17, 2002, in which he requested an out-of-time appeal from the denial of his first Rule 32 petition (the petition that is the subject of this appeal). The State conceded that Wyatt was entitled to an out-of-time appeal and on February 11, 2004, the circuit court purported to grant Wyatt an out-of-time appeal. The circuit court did not have the authority to grant the out-of-time appeal because mandamus, not Rule 32, is the proper remedy for seeking an out-of-time appeal from the denial of a Rule 32 petition. See Marshall v. State, [Ms. 1012217, September 26, 2003] ___ So. 2d ___ (Ala. 2003). However, after the circuit court's granting of Wyatt's second Rule 32 petition, the circuit clerk discovered Wyatt's notice of appeal regarding the first Rule 32 petition. The record indicates that the notice was timely filed with the circuit clerk on June 19, 2002, but that the circuit clerk lost the notice. The circuit clerk transmitted the notice to this Court on May 19, 2004, at which time this Court docketed the appeal.

performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

Rule 32.3, Ala.R.Crim.P., states that "[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.6(b), Ala.R.Crim.P., states that "[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings." As this Court noted in Boyd v. State, [Ms. CR-02-0037, September 26, 2003] ___ So. 2d ___ (Ala. Crim. App. 2003):

> "'Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.' Boyd v. State, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a conclusion 'which, if true, entitle[s] the petitioner to relief.' Lancaster v. State, 638 So. 2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of facts in pleading which, if true, entitles a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts."

___ So. 2d at ___.

A.

First, Wyatt contends that his trial counsel was ineffective for not challenging the indictment on the ground that "[t]he indictment failed to contain a lesser included offense of murder." (C. 17.) Although not entirely clear, Wyatt appears to argue that Rule 13.2, Ala.R.Crim.P., requires an indictment to specifically charge all lesser-included offenses and that his indictment was not in compliance with that mandate.

The record from Wyatt's direct appeal reflects that he was charged in a two-count indictment. Count I charged intentional murder, and was dismissed just before the trial began, and Count II charged reckless murder. Contrary to Wyatt's contention, all lesser-included offenses do not have to be specifically charged in an indictment in separate counts. Rather, a charge in an indictment constitutes a charge on all lesser-included offenses even if those lesser offenses are not specifically set forth in the indictment. See Rule 13.2(c), Ala.R.Crim.P. Thus, Count I of the indictment, charging intentional murder, necessarily included all lesser offenses included in intentional murder, and Count II of the indictment, charging reckless murder, necessarily included all lesser offenses included in reckless murder, even though those lesser offenses were not specifically set forth in the indictment. Therefore, any challenge to the indictment on this ground would have been baseless. "Counsel could not be ineffective for failing to raise a baseless objection." Bearden v. State, 825 So. 2d 868, 872 (Ala. Crim. App. 2001). This allegation of ineffective assistance of counsel was properly denied by the circuit court.

B.

Wyatt next contends that his trial counsel was ineffective for not objecting to "[t]he prosecution['s] use[ of] evidence from count one [of the indictment], which is murder, intentionally, and which was dismissed at the opening of trial." (C. 18.) He maintains that this evidence prejudiced him "due to the nature and cause of the first count in the indictment." (Wyatt's brief at p. 6.) Wyatt's argument in this regard is vague and unclear; thus, he failed

to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b) with respect to this allegation. The circuit court's summary denial of this claim was, thus, proper.[2]

C.

Wyatt also contends that his trial counsel was ineffective for not moving to suppress the statement he made to police at the hospital on the night of the crime on the ground that he was intoxicated at the time he made the statement. Although it appears from our review of the record from Wyatt's direct appeal that counsel did not move to suppress the statement or otherwise object to the admissibility of the statement, this Court nevertheless addressed the admissibility of the statement on direct appeal, and specifically held that it was properly admitted into evidence despite evidence that Wyatt was intoxicated at the time he gave the statement. Thus, even though counsel did not object to the admissibility of the statement, Wyatt suffered no prejudice. The circuit court properly denied this allegation of ineffective assistance of counsel.

D.

In his last allegation, Wyatt contends that his trial counsel was ineffective for not raising "the issue of intervening cause of death/contributory negligence/slight negligence." (C. 19.) Wyatt's entire argument in this regard is as follows:

---

[2] We note that Wyatt also appears to contend in his brief on appeal that his trial counsel was ineffective for not objecting to "the failure of the trial court to instruct on a lesser included offense of murder." (Wyatt's brief at p. 6.) This allegation was not included in Wyatt's petition and, therefore, is not properly before this Court for review. See, e.g., Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) (""An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

5

"Counsel failed to raise the issue of intervening cause of death/contributing negligence/slight negligence.

"The testimony of Dr. Gregory Price[3] is that Mr. Searcy [the victim] died as a result of being immobile due to the surgery which was a direct result to pulmonary embolism due to the gunshot wound. Also, the testimony of Dr. Edward Neal Foxhall is that Mr. Searcy died from pulmonary embolism and delirium tremens, which is withdrawal from alcohol.[4]

"First, the cause of death was not a direct result of the gunshot wound. However, pulmonary embolism is a direct result due to the negligence of the care Mr. Searcy received. Second, the gunshot wound [sic] is not the direct result from complications from the gunshot wound but from complications from the operation from being immobile, which is what caused the pulmonary embolism. Also, delirium tremens is not a result of the gunshot. Withdrawal from alcohol is the only result of delirium tremens. Accord[ing] to the testimony of Dr. Foxhall the pulmonary embol[ism] was in the large veins of Mr. Searcy's legs, due to being immobile.

"Counsel failed to raise these issues, which possibly could have made the outcome of the trial totally different."

---

[3]The name of the physician to which Wyatt is referring is actually Gregory Price Wanger; he was the medical examiner who performed the autopsy on the victim.

[4]This is an inaccurate statement. Dr. Foxhall testified that the victim suffered from withdrawal symptoms before his death, but he did not testify that those symptoms contributed to the victim's death in any way. Rather, he testified that the victim's death was caused by the pulmonary embolism which was a direct result of the gunshot wound.

6

(C. 19-20.) (Citations omitted.) Other than the bare allegation that counsel failed to "raise" the issue, Wyatt alleged no specific facts regarding what he believes his trial counsel should have done at trial, i.e., present evidence regarding the cause of death during the defense's case, make an argument to jury, etc. Moreover, we note that all of the testimony about the cause of death that Wyatt relies on in his petition to support the allegation that the cause of death was not the gunshot was, in fact, presented to the jury during the State's case-in-chief. Although it appears from our review of the record from Wyatt's direct appeal that the cause of death was not the focus of the defense, Wyatt failed to plead any facts in his petition to overcome the presumption that counsel's decision not to focus on the cause of death was sound trial strategy. See Strickland, 466 U.S. at 689 (noting that "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'"). Therefore, Wyatt failed to plead sufficient facts to satisfy the requirements in Rule 32.3 and Rule 32.6(b), and summary denial of this allegation of ineffective assistance of counsel was proper.

III.

Finally, Wyatt argues that newly discovered material facts require that his conviction and sentence be vacated. In this regard, Wyatt alleged in his petition that the State introduced evidence at his trial regarding other crimes, wrongs, or acts under Rule 404(b), Ala.R.Crim.P., that his trial counsel objected to the evidence,[5] but that the trial

---

[5] We note that in his brief on appeal, Wyatt argues that his counsel did not object to this evidence, and he attempts to expand this claim beyond the newly-discovered-evidence claim in his petition to include ineffective assistance of counsel. (See footnote 6 below.) However, because Wyatt did not raise this issue under the guise of ineffective assistance of counsel in his petition, he cannot do so now for the first time on appeal. See, e.g., Taylor v. State, 808 So. 2d 1148, 1202 (Ala. Crim. App. 2000), aff'd, 808 So. 2d 1215 (Ala. 2001) ("A party cannot assume inconsistent positions at trial and on appeal."), and Arrington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997) (""An appellant cannot raise an issue

7

court erroneously overruled the objection. Wyatt's claim, although couched in terms of newly discovered material facts, is actually a challenge to the admissibility of evidence. As such, it is procedurally barred by Rule 32.2(a)(2) and (5), Ala.R.Crim.P., because it was raised and addressed at trial and could have been, but was not, raised and addressed on appeal.[6]

Because all of Wyatt's claims are barred, insufficiently pleaded, or meritless on their face, the circuit court properly denied Wyatt's petition pursuant to Rule 32.7(d), Ala.R.Crim.P., without an evidentiary hearing.[7]

Based on the foregoing, the judgment of the circuit court is affirmed.

Affirmed by memorandum.

McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.

---

on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

[6] Contrary to Wyatt's assertion in his brief, the record from his direct appeal reveals that his counsel did object to the evidence of prior collateral acts. (Record on Direct Appeal, R. 73.)

[7] We note that on appeal Wyatt also argues that the circuit court's order denying his petition was inadequate. However, Wyatt did not raise this issue in the circuit court; therefore it is not properly before this Court for review. See Whitehead v. State, 593 So. 2d 126 (Ala. Crim. App. 1991).