No. CR-03-1347

*Garrett 61347 11/29*

IN THE SUPREME COURT OF ALABAMA. FOR PETITION FOR WRITS OF CERTIORARI.

---

CARL EMMETT WYATT.
APPELLANT.

VS.

STATE OF ALABAMA.
APPELLEE.

---

ON APPEAL FROM THE COURT OF CRIMINAL FROM A REHEARING PURSUANT TO MEMORANDUM RELEASED AUGUST 13TH/2004

---

ON APPEAL FROM THE CIRCUIT COURT OF AUTAUGA COUNTY. (CC-99-322-60)

---

BRIEF OF APPELLANT.

CARL EMMETT WYATT.
EASTERLING CORRECTION FAC.
200 WALLACE DRIVE
CLIO, ALABAMA 36017


EXHIBIT
2H

<u>STATEMENT REGARDING ORAL ARGUMENT.</u>

THE APPELLANT DOES NOT REQUEST ORAL ARGUMENT. BECAUSE THE ISSUE BEFORE THIS COURT ARE ADEQUATELY BRIEFED AND THE COURTS DECISIONAL PROCESS WOULD NOT BE SIGNIF— —ICANTLY AIDED BY ORAL ARGUMENT. <u>ALA.R. APP. P</u> RULE 34.

9

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT .......................... i

TABLE OF CONTENTS ........................................... ii

TABLE OF AUTHORITIES ........................................ iii

STATEMENT OF THE CASE ....................................... 12

STATEMENT OF THE ISSUE ...................................... 3

STATEMENT OF THE FACTS ...................................... 4

STANDARDS OF REVIEW ......................................... 5

SUMMARY OF THE ARGUMENT ..................................... 6

ARGUMENT .................................................... 7-

STANDARDS OF REVIEW ......................................... 8

STANDARDS OF REVIEW ......................................... 10

STANDARDS OF REVIEW ......................................... 11-12

CONCLUSION .................................................. 13

CERTIFICATE OF SERVICE ...................................... 14

PP

## TABLE OF AUTHORITIES

EX PARTE WILLIAM'S 571 So 2D 987, 989 ————————— 7

BENTLEY V CHRIST 469 F.2D 854 (1972) ————————— 11

GHOLSTON V STATE 620 So 2D 715, 719. ALA CR. APP. 1992, ———— 12

99p

## STATEMENT OF THE CASE

CARL EMMETT WYATT APPEALS FROM THE JUNE 4, 2002 JUDGMENT OF THE AUTAUGA COUNTY CIRCUIT COURT; THE HONORABLE JOHN BUSH PRESIDING; SUMMARILY DENYING RELIEF SOUGHT BY THIS MAY 17, 2001    ALA. R. CRIM. P. RULE 32 PETITION.

WYATT'S RULE 32 PETITION STEMMED FROM HIS MAY 8, 2000 AUTAUGA COUNTY CIRCUIT COURT RECKLESS MURDER CONVICTION; ON WHICH WYATT WAS SENTENCED TO THIRTY YEAR'S IMPRISONMENT.

THIS COURT PREVIOUSLY AFFIRMED WYATT'S CONVICTION; AND SENTENCE ON DIRECT APPEAL BY MEMORANDUM OPINION. WYATT V STATE CR-99-1967 (ALA. CRIM. APP. OCT. 20 2000).[1] THE SUPREME COURT OF ALABAMA DENIED WYATT'S PETITION FOR WRIT OF CERTI- -ORARI; AND THIS COURT ISSUED A CERTIFICATE OF JUDGMENT ON APRIL 20, 2001.

THE STATE MOVED TO DISMISS WYATT'S RULE 32 PETITION; ARGUING THAT WYATT'S CLAIM WERE PRECLUDED. WYATT'S FILED A PETITION FOR WRIT OF MANDAMUS IN THIS COURT. ASKING THE COURT TO DIRECT THE TRIAL COURT TO RULE ON HIS PETITION.

THIS COURT DIRECTED THE TRIAL COURT TO RESPOND TO THE PETITION FOR WRIT OF MANDAMUS. AND THE TRIAL COURT DID SO, DISMISSING WYATT'S PETITION ON JUNE 4, 2002; SHORTLY THERE AFTER. THIS COURT DISMISSED WYATT'S PETITION FOR WRIT OF MANDAMUS.

1

WYATT'S FILED A NOTICE OF APPEAL FROM THE TRIAL COURT'S JUDGMENT ON JUNE 17, 2002 AUTAUGA COUNTY CLERK'S OFFICE INAVERTENTLY FAILED TO SUBMIT THE APPELLATE DOCUMENTS TO THIS COURT. WYATT'S FILED A SECOND RULE 32 PETITION ASKING FOR AN OUT-OF-TIME APPEAL.

AND THE STATE REQUESTED THAT THE TRIAL COURT GRANT WYATT'S PETITION ON THAT GROUND. ON FEBRUARY 11, 2004 THE TRIAL COURT GRANTED WYATT'S THE RIGHT TO FILED AN OUT-OF-TIME APPEAL IN THIS COURT FROM THE DENIAL OF HIS INITIAL RULE 32 PETITION. AND THIS APPEAL FOLLOWED.

ON AUGUST 13TH/2004 COURT OF CRIMINAL APPEAL AFFIRMED WYATT'S APPEAL BY MEMORANDUM CARL EMMETT WYATT V STATE OF ALABAMA

WYATT'S FILED AN APPLICATION FOR REHEARING ON AUGUST 19, 2004. BECAUSE THIS COURT HAS SINCE MISPLACED THE APPELLANT'S APPLICATION FOR REHEARING.

UPON CONSIDERATION OF THE ABOVE, THE COURT OF CRIMINAL APPEALS ORDERS THAT THE APPELLANT SHAL HAVE 21 DAYS FROM THE DATE SEPTEMBER 27, 2004. OF THIS ORDER TO FILED AND SERVED ANOTHER APPLICATION FOR REHEARING REHEARING.

AND ON NOVEMBER 5, 2004 THE FOLLOWING ACTION WAS TAKEN IN THE ABOVED REFERENCED CAUSE BY THE COURT OF CRIMINAL APPEALS: APPLICATION FOR REHEARING OVERRULED.

LANE W. MANN-CLERK
COURT OF CRIMINAL APPEALS

2

## STATEMENT OF THE ISSUE

DID THE COURT OF CRIMINAL APPEALS ERR WHEN IN THE DESCLSIONS MAKING FAILURE TO CONSIDER TRIAL COURT ERR IN DENYING WYaTT'S RULE 32 PETITION WITHOUT ADDRESSED THE ISSUE OF PRISON CLOTH THAT HE APPEAR BEFORE THE JUROR'S?

3

## STATEMENT OF FACTS

" IN THIS CASE MR. WYATT'S WAS CHARGED WITH MURDER AND RECKLESS MURDER. SAID CHARGES WERE LISTED AS SEPARATE COUNTS ON THE INDICTMENT AND THIS RECKLESS MURDER WAS SPECIFICALLY SET OUT AS ITS OWN CHARGE AND NOT A LESSER INCLUDED OFFENSE

AND THE RESULTING END OF THE RECKLESS MURDER MR. WYATT'S WAS SENTENCED TO 30 YEAR'S IMPRISONMENT:

4

## STANDARDS OF REVIEW

A TRIAL COURT'S JUDGMENT DENYING A PETITION FOR POSTCONVICTION RELIEF IS REVIEWED ONLY FOR AN ABOVE OF DISCRETION AND WILL BE REVERSE FOR ANY INCORRECT DECISIONS.

EX PARTE WILLIAMS 571 SOLD 989-989.

5

## SUMMARY OF THE ARGUMENT

MR. WYATT'S HAS DEMONSTRATS THAT THE, "FIRST. THE CAUSE OF DEATH WAS NOT A DIRECT RUSULT OF THE GUNSHOT WOUND. HOWEVER. PULMONARY EMBOLISM IS A DIRECT RESULT DUE TO THE NEGLIGENCE OF THE CARE. MR. SEARCY RECEIVED. MR WYATT'S IS ACTUALLY INNOCENCE OF RECKLESS MURDER OR ANY OTHER THEN ASSAULT OR ATEMP MURDER: SCHLUP V DELO. 513 U.S. 298. 115 S. CT. 851. 130 LED2D 808 (1995)

TRIAL COURT ERR WHEN MR WYATT'S WAS FORCED TO WEAR PRISON CLOTH IN FRONT OF THE JURY.

## ARGUMENT

THE ASSISTANCE FOR APPELLANT CONTENDS TO THIS COURT TO REVERSE THIS CAUSE BACK TO COURT OF CRIMINAL APPEALS FOR THAT COURT REVERSE THIS CAUSE BACK TO TRIAL COURT TO HOLD AN EVIDENTIARY HEARING ON THE ISSUE OF FORCED THE APPELLANT TO WEAR PRISON CLOTHS IN THE PRESENCE OF THE JUROR'S, THAT LEAD THE JUROR'S TO ASSUME THAT MR. WYATT'S WAS ALREADY IN JAIL ON OTHER CHARGES, AND PRE JUDICE IS THE END RESULT.

THE STATE ARGUMENT "LACK AS A BASIS OF ITS MOTION TO DISMISS, THE INEFFECT WAIVED THAT GROUND OF PRECLUSSION." EX PARTE WILLIAMS 571 SO2D 987.. 989

THE STATE IN IT'S "MOTION TO DISMISS" WAS ATTEMPTED TO ARGUE THE ISSUE PROCEDURAL BAR. THAT TRIAL COULD APPLIED FOR THE FIRST TIME RAISED THE PROCEDURAL BAR ISSUE IN IT'S REPLY BRIEF AT P. 11.

THE APPELLANT CONTENDS THAT THE COURT OF CRIMINAL DID NOT ADDRESS THE ISSUE BY THE FACT OF ALLEGATION IN THE RULE 32 PETITIONS BUT INSTEAD DENIED RELIEF BASED UPON A PROCEDUAL BAR THAT HAD NOT BEEN PLEADED BY THE STATE IN IT MOTION, TO DISMISS NOR BY THE TRIAL COURT IN IT'S ORDER DENYING THE RULE 32 PETITION.

THIS CLEARLY ESTABLISHED CASE LAW IN WHICH THIS RULING IS IN DIRECT CONFLICT IN FALKNER V STATE 386 SO2D 30 AT 42, THIS COULD."

BY NOT ARGUING LACKS AS A BASIS OF IT'S MOTION TO DISMISS THE STATE INEFFECT WAIVED THAT GROUND OF PRECLUSION." EX PARTE WILLIAM'S 571 SO2D 987, 989.

7

## STANDARDS OF REVIEW

TRIAL COURT'S JUDGMENT DENYING A PETITION FOR POST-
-CONVICTION RELIEF IS REVIEWED ONLY FOR ABOVE OF
DISCRETION. AND WILL BE REVERSES FOR ANY INCORRECT
REASONS.

FUQUA V STATE 706 So2D 817 (ALA. CRIM APP. 1997)

8

AND FURTHER EMPHASIS TO THIS COURT THAT MR. WYATT'S IS ACTUALLY INNOCENT OF MURDER." FIRST, THE CAUSE OF DEATH WAS NOT A DIRECT RESULT OF THE GUNSHOT WOUND. HOWEVER. PULMONARY EMBOLISM IS A DIRECT RESULT DUE TO THE NEGLIGENCE OF THE CARE MR. SEARCY RECEIVED. SECOND. THE GUNSHOT WOUND IS NOT THE DIRECT RESULT FROM COMPLICATIONS FROM THE GUNSHOT WOUND BUT FROM COMPLICATIONS FROM THE OPERATION FROM BEING IMMOBILE. WHICH IS WHAT CAUSE THE PULMONARY EMBOLISM. ALSO. DELIRIUM TREMENS IS NOT A RESULT OF THE GUNSHOT. WITHDRAWAL FROM ALCOHOL IS THE ONLY RESULT OF DELIRIUM TREMENS.

ACCORD[ING] TO THE TESTIMONY OF DR. FOX HALL. THE PULMONARY EMBOL[ISM] WAS IN THE LARGE VEINS OF MR. SEARCY'S LEGS. DUE TO BEING IMMOBILE.

FUQUA V STATE 706 SO2D 817 (ALA. CRIM. APP. 1997) RULE 32.1 (E) (3) (4). AND (5) REGARDING RULE 32.1 (E) (5) (ALA. R. CRIM. P.; JUSTICE MADDOX STATED IN ALABAMA RULE OF PROCEDURE THE FOLLOWING:
[T]HE FACTS [MUST] ESTABLISH THAT PETITIONER IS INNOCENT OF THE CRIME FOR WHICH PETITIONER WAS CONVICTED OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT PETITIONER RECEIVED."

9

THE APPELLANT CONTENDS TO THIS COURT THAT THE ATTORNEY GENERAL BRIEF THAT WAS FILED ON JULY 6TH/ 2004. AT PAGE (11) (QUOTE OPINION).

ALTHOUGH WYATTS WAS REPPRESENTED BY DIFFERENT COUNSEL AT TRIAL AND ON DIRECT APPEAL (C-11). WYATT'S INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS DO NOT APPEAR TO BE PROCEDURALLY BARRED BY APPELLATE COUNSEL'S FAILURE TO RAISE THE CLAIMS ON DIRECT APPEAL. V-R-V STATE 852 SO2D 194- 202-203 (ALA. CRIM. APP. 2002) OPINION ON APPLICATION FOR REHEARING).

THIS COURT SHOULD REVIEW THE RECORDS AND RULE ON THE CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR ANY REASON STATED IN THE (C) RECORDS ON APPEAL.

10



November 15th 2004  Carl E Wyott

CC:

13

15 $^{th}$

Carl E. Wyatt
Carl E. Wyatt

14