No. 1040276

In the SUPREME COURT of ALABAMA

CARL EMMETT WYATT,

                Petitioner-Appellant,

v.

STATE OF ALABAMA,

                Respondent-Appellee.

*On Appeal from the Circuit Court of Autauga County (CC-99-322.60)*

*On Petition for a Writ of Certiorari to the Court of Criminal Appeals (CR-03-1347)*

**INITIAL REPLY BRIEF**

        Troy King
        *Attorney General*

        Marc A. Starrett
        *Assistant Attorney General*
        Counsel of Record *

        State of Alabama
        Office of the Attorney General
        11 South Union Street
        Montgomery, Alabama  36130

November 29, 2004        (334) 242-7300


EXHIBIT 2J

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument is unnecessary based on the insufficiency of the petition. "The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided" by an additional evaluation of the evidence and case law. <u>Ala. R.App.P.</u> 34(a)(3).

i

**TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT........................... i

STATEMENT OF THE CASE AND STATEMENT OF FACTS.............. 1

STATEMENT OF THE ISSUE.................................... 3

STATEMENT OF THE STANDARD OF REVIEW....................... 3

SUMMARY OF THE ARGUMENT................................... 3

Argument

Wyatt's Petition Is Due To Be Struck Based On
His Failure To State With Particularity The Conflict
Between The Outcome Of His Case And Precedent Governing
The Issue, As Required Under Rule 39(d)(3) Of
The Alabama Rules Of Appellate Procedure.................. 3

CONCLUSION................................................ 6

CERTIFICATE OF SERVICE.................................... 7

ii

# TABLE OF AUTHORITIES

**Cases**

Ex parte Heflin, 857 So. 2d 159 (Ala. 2003)............... 5

Ex parte King, 797 So. 2d 1191 (Ala. 2001)............... 5

Ex parte McCloud, 423 So. 2d 215 (Ala. 1982).............. 5

**Rules**

Ala. R. App. P.

Rule 39(a)(1)............................................. 4

Rule 39(a)(1)(D).......................................... 4

Rule 39(d)(3)............................................. 4

Rule 39(d)(3)(A).......................................... 4

Rule 39(d)(3)(B).......................................... 4

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

The State requests that this Court strike Carl Emmett Wyatt's petition for a writ of certiorari based on his failure to comply with Rule 39(d)(3) of the Alabama Rules of Appellate Procedure.

Carl Emmett Wyatt seeks review of the Alabama Court of Criminal Appeals' August 13, 2004 memorandum affirmance of the judgment of the Autauga County Circuit Court, the Honorable John Bush presiding, summarily denying relief sought by his May 17, 2001 Ala.R.Crim.P. Rule 32 petition. (C. 4, 5, 12, 42); Wyatt v. State, CR-03-1347 (Ala. Crim. App. Aug. 13, 2004). Wyatt's Rule 32 petition stemmed from his May 8, 2000 Autauga County Circuit Court reckless murder conviction, on which Wyatt was sentenced to thirty years' imprisonment. (C. 5) The Court of Criminal Appeals overruled Wyatt's application for rehearing on November 5, 2004.

The Court of Criminal Appeals previously affirmed Wyatt's conviction and sentence on direct appeal by memorandum opinion. Wyatt v. State, CR-99-1947 (Ala. Crim. App. Oct. 20, 2000). This Court denied Wyatt's petition for

writ of certiorari and issued a certificate of judgment on the direct appeal on April 20, 2001.

On appeal, Wyatt argued that his trial counsel was ineffective and other claims, and the Court of Criminal Appeals found his claims meritless or procedurally barred. <u>Wyatt v. State</u>, CR-03-1347, slip op. 1-8.  On November 15, 2004, Wyatt filed the instant petition for a writ of certiorari.

2

**STATEMENT OF THE ISSUE**

Is Wyatt's petition for a writ of certiorari due to be stricken for his failure to comply with Rule 39(d)(3) of the Alabama Rules of Appellate Procedure?

**STATEMENT OF THE STANDARD OF REVIEW**

Strict compliance with the provisions of Rule 39 of the Alabama Rules of Appellate Procedure is necessary to obtain certiorari review. Ex parte McCloud, 423 So. 2d 215, 215 (1982).

**SUMMARY OF THE ARGUMENT**

Wyatt has failed, as required under Rule 39(d)(3) of the Alabama Rules of Appellate Procedure, to either quote that portion of the Court of Criminal Appeals' opinion and the conflicting decision or to "state specifically and with particularity how the decision [in his case] conflicts with a prior decision" involving the same issues of law. For this reason, Wyatt's petition does not conform to the requirements of Rule 39 and this Court should strike the petition. See Ex parte King, 797 So. 2d 1191, 1194 (Ala. 2001) (Brown, J., concurring specially); see also Ex parte McCloud, 423 So. 2d 215, 215 (Ala. 1982).

3

**ARGUMENT**

**Wyatt's Petition Is Due To Be Struck Based On His Failure To State With Particularity The Conflict Between The Outcome Of His Case And Precedent Governing The Issue, As Required Under Rule 39(d)(3) Of The Alabama Rules Of Appellate Procedure.**

A petitioner seeking certiorari review in this Court is required to demonstrate that his case falls within one of the grounds enumerated in Rule 39(a) of the Alabama Rules of Appellate Procedure. Ala.R.App.P. 39(a)(1). Among those grounds listed, a petitioner may obtain this Court's review if he demonstrates that the outcome of his case conflicts with prior decisions on the issue. Ala.R.App.P. 39(a)(1)(D); Ala.R.App.P. 39(d)(3). Under those provisions, the petitioner is required to "state [with] specific[ity] and with particularity how the decision conflicts with a prior decision." Id.

Wyatt makes no attempt to state a conflict ground, and fails to either "quote that part of the opinion of the court of appeal and that part of the prior decision the petitioner alleges are in conflict" or "state specifically and with particularity how the decision conflicts with a prior decision." Ala.R.App.P. 39(d)(3)(A), 39(d)(3)(B). Because Wyatt has failed to properly invoke this Court's

4

jurisdiction under the specificity requirement of Rule 39(d)(3), his petition is barred from review. See <u>Ex parte Heflin</u>, 857 So. 2d 159, 160 (Ala. 2003) (Johnstone, J., concurring specially) ("Another reason for quashing the petition is that it does not comply with Rule 39(d)(3)."); <u>Ex parte King</u>, 797 So. 2d 1191, 1194 (Ala. 2001) (Brown, J., concurring specially) (recognizing that, although the petitioner invoked the "conflict" ground listed in Rule 39(a), the justice would have denied the petition on the basis "he did not allege that ground with any particularity, as Rule 39(a)(1)(D) required him to do"); <u>see also</u> <u>Ex parte McCloud</u>, 423 So. 2d 215, 215 (Ala. 1982) ("compliance with Rule 39, Alabama Rules of Appellate Procedure, is necessary to permit us to consider petitions for certiorari").

Wyatt has not properly presented his case to this Court in accordance with Rule 39 of the Alabama Rules of Appellate Procedure. On that basis, the State requests this Court strike his petition for nonconformance on the grounds listed in this initial reply brief.

5

## CONCLUSION

Based on Wyatt's failure to comply with Rule 39, this Court should strike his petition.

Respectfully submitted,

Troy King
*Attorney General*
By-

[signature]

Marc A. Starrett
*Assistant Attorney General*
Counsel of Record *

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of November, 2004, a copy of the foregoing was served on the Petitioner to the address listed on the petition by placing it in the United States mail, first class postage prepaid, and addressed as follows:

CARL EMMETT WYATT, AIS # 211315
EASTERLING CORRECTIONAL FACILITY
200 WALLACE DRIVE
CLIO, ALABAMA  36017

Marc A. Starrett
*Assistant Attorney General*

ADDRESS OF COUNSEL:
State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334)242-7300
176680/STARRETT