671047
Starrett

No. 1040276

IN THE SUPREME COURT OF ALABAMA

CARL EMMETT WYATT.
PETITIONER- APPELLANT.

V

STATE OF ALABAMA.
RESPONDENT-APPELLEE.

ON APPEAL FROM THE CIRCUIT COURT OF AUTAUGA COUNTY (CC-99-322-60)

ON CROSS PETITION FOR A WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (CR-03-1347)

CROSS-REPLY BRIEF THAT WAS FILED ON NOVEMBER 29th 2004 BY THE APPELLEE.

CARL EMMETT WYATT.
EASTERLING CORRECTIONAL FAC
200 WALLACE DRIVE
CLIO, ALABAMA 36017

STATE OF ALABAMA
OFFICE OF ATTORNEY GENERAL
11 SOUTH UNION STREET
MONTGOMERY, ALABAMA 36130

EXHIBIT
2J

STATEMENT REGARDING ORAL ARGUMENT

ORAL ARGUMENT IS NOT REQUIRE AND ADEQUATELY BRIEFED ON CROSS REPLY, AND THIS COURT'S DECISIONAL PROCESS WOULD NOT BE SIGNIFICANTLY AIRED BY ORAL ARGUMENT. ALA. R. APP. P. RULE 34.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ---- i
TABLE OF CONTENTS ---- ii
TABLE OF AUTHORITIES ---- iii
STATEMENT OF THE CASE AND STATEMENT OF FACT ---- 1-2
STATEMENT OF THE ISSUE ---- 3
STATEMENT OF THE STANDARDS OF REVIEW ---- 3
SUMMARY OF THE ARGUMENT ---- 3
ARGUMENT ---- 4-6
STANDARDS OF REVIEW ---- 5
CONCLUSIO ---- 7
CERTIFICATE ---- 8

STATEMENT OF THE CASE AND STATEMENT OF FACTS

THE APPELLANT REQUESTS THIS COURT NOT TO STRIKE THE APPELLANT CARL EMMETT WYATT PETITION FOR WRIT OF CERTIORARI BASED ON HIS FAILURE TO COMPLY WITH RULE 39 (D) (3) OF THE ALABAMA RULES OF APPELLATE PROCEDURE. BECAUSE THE APPELLANT IS NOT A LICENSE ATTORNEY FROM ALABAMA STATE BAR, HE IS PRO-SE AND NOT A LAW MAKING BODY JUDICIAL BRANCH, IF GIVEN A CHANCE ON CROSS-APPEAL HE WILL TRY AND FOLLOWS THE RULES:

MR. CARL EMMETT WYATT SEEKS REVIEW OF HIS ALABAMA COURT OF CRIMINAL APPEALS. AUGUST 13, 2004 MEMORANDUM AFFIRMANCE OF JUDGMENT OF THE AUTAUGA COUNTY CIRCUIT COURT, THE HONORABLE JOHN BUSH PRESIDING, SUMMARILY DENYING RELIEF SOUGHT BY HIS MAY 17, 2001 ALA. R. CRIM. P. RULE 32 PETITION.

MR. WYATT RULE 32 PETITION STEMMED FROM HIS MAY 8, 2000 AUTAUGA COUNTY CIRCUIT COURT RECKLESS MURDER CONVICTION, ON WHICH MR. WYATT WAS SENTENCED TO THE TERMS OF THIRTY YEAR'S INPRISONMENT.

(C-8) THE COURT OF CRIMINAL APPEALS OVERRULED WYATT APPLICATION FOR REHEARING ON NOVEMBER 5, 2004.

THE COURT OF CRIMINAL APPEALS PREVIOUSLY AFFIRMED WYATT CONVICTION AND SENTENCE ON DIRECT APPEAL BY MEMORANDUM OPINION; WYATT V STATE CR-99-1947 (ALA. CRIM. APP. OCT-20-2000). THIS COURT DENIED WYATT PETITION FOR WRIT OF CERTIORARI AND ISSUE A CERTIFICATE OF JUDGMENT ON THE DIRECT APPEAL ON APRIL 2[illegible] 2001.

ON APPEAL MR. WYATT ARGUED THAT HIS TRIAL COUNSEL WAS INEFFECTIVE AND OTHER CLAIMS OR PROCEDURALLY BARRED. WYATT V STATE CR-03-1347 SLIP 1-8. IN NOVEMBER 15. 2004 WYATT FILED THIS INSTANT PETITION FOR WRIT OF CERTIORARI.

STATEMENT OF THE ISSUE

MR. WYATT PETITION FOR A WRIT OF CERTIORARI IS NOT DUE TO BE STRICKEN FOR FAILURE TO COMPLY WITH RULE 39 (D) (3) OF ALABAMA RULES OF APPELLATE PROCEDURE, BECAUSE HE IS PRO-SE, AND NOT A LICENSE ATTORNEY TO BE HELD BY THAT STANDARDS OF REVIEW?

STATEMENT OF THE STANDARDS OF REVIEW

STRICT COMPLIANCE WITH THE DECISION MADED IN THE CASE CITING OF ALA. CR. APP. 1992, GHOLSTON V STATE 620 SO2D 715. 719. THE STATE CANNOT COMPEL DEFENDANT TO STAND TRIAL WHILE DRESSED IN PRISON CLOTHES. AFFERMED.

SUMMARY OF THE ARGUMENT

MR. WYATT PETITION THIS COURT FOR AN WRIT OF CERTIORARI AS IT REQUIRES BY THE CONSTITUTION RIGHT OF PRISONER'S AND DUE PROCESS, OF LAW, CONST. OF ALA. OF 1901, ART. 1, §6; U.S. STRICKING THIS PETITION FOR CERTIORARI WILL DENIED MR. WYATT HIS DUE PROCESS OF LAW. CONSTITUTIONAL LAW §§ 806 811 (1979) SEE ALSO. PENNSYLVANIA V FINLE. 481 US. 551. 95 LED2D 539. 107. SCT. 1990 (1987); AKE V OKLAHOMA 470 U.S. 68. 84 LED 2D 53, 105 S. CT. 1087 (1985)

ARGUMENT

MR. WYATT'S PETITION IS DUE TO BE GRANTED BASED ON ALABAMA RULES OF COURT, RULE 39 (A)(1)(D) IS THE BASIS OF THIS PETITION. THE PETITION MUST QUOTE THE PART OF THE OPINION OF THE COURT OF APPEALS AND THAT PART OF THE PRIOR DECISION THE PETITIONER ALLEGES AND IN CONFLICT:

THE COURT OF CRIMINAL APPEAL MEMORANDUM DATED AUG 13, 2004 AT PAGE 6. LINE 12-26 PERTINENT PART "FIRST, THE CASE OF DEATH WAS NOT A DIRECT RESULT OF THE GUNSHOT WOUND. HOWEVER. PULMONARY EMBOLISM IS A DIRECT RESULT DUE TO THE NEGLIGENCE OF THE CARE MR. SEARCY RECEIVED.

SECOND, THE GUNSHOT WOUND [SIC] IS NOT THE DIRECT RESULT FROM COMPLICATIONS FROM THE GUNSHOT WOUND BUT FROM COMPLICATION FROM THE OPERATION FROM BEING IMMOBILE, WHICH IS WHAT CAUSED THE PULMONARY EMBOLISM. ALSO DELIRIUM TRENENS IS NOT A RESULT OF THE GUNSHOT, WITHDRAWAL FROM ALCOHOL IS THE ONLY RESULT OF DELIRIUM TREMENS. ACCORD[ING] TO THE TESTIMONY OF DR. FOXHALL THE PULMONARY EMBOL[ISM] WAS IN THE LARGE VEINS OF MR. SEARCY'S LEGS. DUE TO BEING IMMOBILE. SEE. FUQUA V STATE 706 SO2D 817 ALA (CRIM. APP. 1997)

CRIMINAL COURT OF APPEALS DECISION IS IN CONFLECT WITH IT'S OWN CASE CITING. THIS CAUSE IS DUE TO BE REVERSE ON APPEALS.

FOR RULE 39 (D) (3) THIS RULE, DEALING WITH THE FORM OF THE PETITION. THE PETITION SHALL CONTAIN A CONCISE STATE--MENT OF THE GROUNDS. AND DESCRIPTION OF THE ISSUE AND CIRCUMSTANCES WARRANTING PLAIN ERROR REVIEW.

ON TUESDAY, MAY 9. 2006, AT 9:25. A.M. THE CIRCUIT COURT OF AUTAUGA, COUNTY, BEFORE HON: JOHN B. BUSH, INSTRUCTED THE JURY THAT MR. WYATT COMES INTO COURT CLOTHED IN THE PRESUMPTION OF INNOCENCE.

IN FACT MR. WYATT WAS CLOTHED IN AN AUTAUGA COUNTY JAIL CLOTHING WITH THE WORDS IMPRINTED/STAMPED, AUTA--UGA COUNTY JAIL ON THE BACK AREA AND FRONT LEG OF THE CLOTHING.

PAGE (R) 10. LINE 9-18. AND PAGE (R) 70, LINE 13-20 CLEARLY IDENTIFIED MR. WYATT AS THE MAN IN THE ORANGE, THE PRISON/JAIL COULD HAVE AND MOST PROBALY DID EFFECT THE JUROR'S VERDICT. SEE. ESTELLE V WILLIAM'S 48 LED2D 126. SEE. U.S. V CARTER 522 F.2D 666

CRIMINAL LAW KEY 633 (1)

THE PRATICE OF PRODUCING PRISONER'S IN COURT WHO ARE DRESSED IN CLOTHES TYPICAL OF JAIL OR PENAL INSTITUTIONS, WHEN THE CIRCUMSTANCE MAY ARGUABLY CAUSE INJURY TO A DEFENDANT'S CASE SEE ALSO.

ALA. CR. APP. 1992. CHOLSTON V STATE 620 SO2D 715, 719. THE STATE CANNOT COMPEL DEFENDANT TO STAND TRIAL WHILE DRESSED IN PRISON CLOTHES, AFFERMED.

FOR RULE 39 (D) [3) THIS RULE, DEALING WITH THE FORM OF THE PETITION, THE PETITION SHALL CONTAIN A CONCISE STATE—MENT OF THE GROUNDS WARRANTING PLAIN ERROR REVIEW.

ON TUESDAY. MAY. 9. 2000 AT 9:25. A.M. THE CIRCUIT COURT OF AUTAUGS COUNTY, BEFORE HON: JOHN B. BUSH, INSTRUCTED THE JURY THAT MR. WYATT COMES INTO COURT CLOTHED IN THE PRESUMPTION OF INNOCENCE.

INFACT MR. WYATT WAS CLOTHED IN AN AUTAUGS COUNTY JAIL CLOTHING WITH THE WORDS IMPRINTED/STARULED. AUTA-UGS COUNTY JAIL ON THE BACK AREA AND FRONT LEG OF THE CLOTHING.

PAGE (R) 10. LINE 9-18, AND PAGE (R) 70, LINE 13-20. CLEARLY IDENTIFIED MR. WYATT AS THE MAN IN THE ORANGES

THE PRISON/JAIL COULD HAVE AND MOST PROBABLY DID EFFECT THE JUROR'S VERDICT. SEE. ESTELLE V WILLIAM'S 48 LED2D 126. SEE. U.S. V CARTER 522 F.2D 666

CRIMINAL LAW KEY 633 (11)

THE PRACTICE OF PRODUCING PRISONER'S IN COURT WHO ARE DRESSED IN CLOTHES TYPICAL OF JAIL OR PENAL INSTITUTIONS, WHEN THE CIRCUMSTANCE MAY ARGUABLY CAUSE IN JURY TO A DEFENDANT'S CASE SEE. ALSO.

ALA. CR. APP. 1992. GHOLSTON V STATE 620 SO2D 715, 719. THE STATE CANNOT COMPEL DEFENDANT TO STAND TRIAL WHILE DRESSED IN PRISON CLOTHES, AFFIRMED.

CC:

STANDARDS OF REVIEW

THE STANDARDS OF REVIEW IS WHETHER THE COURT [illegible] [illegible] CREDIBILITY [illegible] THE [illegible]

[illegible] THE [illegible] TO [illegible]

[illegible] WHEN THE [illegible]

[illegible]

cc:

[illegible]

[illegible]

[illegible]

CC: