IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL EMMETT WYATT, #211315, <br><br> PETITIONER, <br><br> vs. <br><br> GWENDOLYN MOSELY, WARDEN, et al., <br><br> RESPONDENTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. 2:05-CV-781-F

## ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, in response to this Court's August 19, 2005 and September 12, 2005 orders, hereby respectfully submit this Answer to the petition for writ of habeas corpus filed by Carl Emmett Wyatt.

The Respondents deny that Wyatt is entitled to any relief whatsoever under the federal writ of habeas corpus.

## PROCEDURAL BACKGROUND

**A. Direct appeal**

1. On June 1, 1999, Wyatt shot and killed his roommate Herman Searcy while intoxicated. E.g., Ex. 1A, (R. 52-54). On May 8, 2000, Carl Emmett Wyatt was convicted of reckless murder, a violation of Alabama Code (1975) § 13A-6-2

(a)(2), following a trial in Autauga County Circuit Court. Ex. 1A, (C. 4-5). The trial court sentenced Wyatt to thirty years' imprisonment. Ex. 1A, (C. 5).

2. Wyatt appealed to the Alabama Court of Criminal Appeals, presenting the following claims:

1) The State failed to prove a prima facie case of reckless murder;

2) The trial court erred in its admission of his statement to an investigating deputy sheriff;

3) The trial court erred in instructing the jury regarding reasonable doubt.

Ex. 1B, pp. 6-7, 7, 8-9. The Court of Criminal Appeals affirmed Wyatt's conviction and sentence by memorandum opinion in Wyatt v. State, CR-99-1947 (Ala. Crim. App. Oct. 20, 2000). Ex. 1D. Wyatt filed an application for rehearing raising these same issues, and the application was overruled. Exs. 1E, 1F.

3. Wyatt filed a petition for writ of certiorari in the Alabama Supreme Court, wherein he listed the same issues as argued before the Court of Criminal Appeals; the Alabama Supreme Court denied Wyatt's petition without opinion on April 20, 2001 in Ex parte Wyatt, No. 1000989 (Ala. Apr. 20, 2001), and a certificate of judgment was entered on that date by the Court of Criminal Appeals. Exs. 1G, 1H, 1I.

2

### B. Post-conviction proceedings-Ala.R.Crim.P. Rule 32

4. On May 17, 2001, Wyatt filed a petition for relief pursuant to Ala.R.Crim.P. Rule 32, presenting the following claims:

1) he was denied his constitutional rights by "[b]y being compelled to wear prison/jail clothing at the trial";

2) his trial counsel was ineffective, a) by failing to raise the issue that "reckless murder is not a lesser included offense of murder"; b) because prejudicial evidence of other wrongs or acts was admitted at trial regarding the shooting in question ; c) by failing to argue that his confession was rendered involuntary due to his intoxication at the time of his statement; and, d) by failing to argue that his victim did not die as a direct result of his gunshot wound;

3) "Newly discovered material facts" required the reversal of his conviction, namely, the State failed to give him adequate notice of its intention to use Ala.R.Evid. Rule 404 (b) evidence at trial and the evidence was inadmissible.

Ex. 2A, (C. 16-21).

5. Following a response by the State and Wyatt's filing a petition for writ of mandamus that sought a ruling on his Rule 32 petition, the trial court summarily dismissed Wyatt's Rule 32 petition. Ex. 2A, (C. 34, 40-41, 36-39, 42.)

6. Wyatt attempted to appeal from the trial court's judgment, but the trial court's clerk apparently failed to submit the appeal documents to the Court of Criminal Appeals. Ex. 2A, (C. 79) Wyatt filed a second Rule 32 petition seeking an out-of-time appeal from the trial court's judgment on his first petition, and, in

3

accordance with both the second petition and the State's request, the trial court, on February 11, 2004, granted Wyatt an out-of-time appeal from the denial of his initial Rule 32 petition. Ex. 2A, (C. 60-75, 79, 81).

7. Wyatt then appealed to the Alabama Court of Criminal Appeals, raising essentially the same claims as presented in his Rule 32 petition; the Court of Criminal Appeals affirmed Wyatt's conviction and sentence by memorandum opinion in Wyatt v. State, CR-03-1347 (Ala. Crim. App. Aug. 13, 2004). Exs. 2B, 2C, 2D. Wyatt filed an application for rehearing,[1] arguing that the Court of Criminal Appeals erred in holding that his prison clothing claim procedurally barred. Ex. 2F. The Court of Criminal Appeals overruled Wyatt's application for rehearing. Ex. 2G.

8. Wyatt filed a petition for writ of certiorari in the Alabama Supreme Court, arguing that he was entitled to relief on his prison clothing claim, and that he was "actually innocent of murder" because his victim's death was not, he

---

[1] Although Wyatt's application was filed on November 15, 2004, it was deemed timely, because the Court of Criminal Appeals misplaced a previous application that he filed on August 19, 2004. By a September 27, 2004 order, the Court of Criminal Appeals allowed Wyatt to file a second application for rehearing. Ex. 2E. The State was not served with a copy of Wyatt's first application. Id.

4

claimed, a result of his gunshot wound. Ex. 2H, pp. 3, 6, 7, 9, 11-12.[2] The State filed an initial reply brief, and Wyatt filed a "cross-reply brief" again arguing his prison clothing and "actual innocence" contentions. Exs. 2I, 2J. The Alabama Supreme Court denied certiorari on March 11, 2005 in Ex parte Wyatt, No. 1040276 (Ala. Mar. 11, 2005), and the Court of Criminal Appeals entered a certificate of judgment on that date. Exs. 2K, 2L.

### C. First federal habeas petition

9. Wyatt filed his first petition for writ of habeas corpus in this Court on October 29, 2003, during the pendency his state post-conviction proceedings; accordingly, this Court dismissed the petition without prejudice on March 3, 2004. Wyatt v. Mosley, et al., Civil Action No. 03-1080-N. Ex. 3A.[3]

---

[2] In the "Standards of Review" portion of his petition, Wyatt stated that his "ineffective assistance of trial counsel claims do not appear to be procedurally barred by appellate counsel's failure to raise the claims on direct appeal[,] and "[t]his Court should review the records and rule on the claims of ineffective assistance of trial counsel for any reason stated in the (c) [sic] records on appeal." Ex. 2H, p. 10. Wyatt did not, however, present an ineffective assistance of counsel claim in his petition. Ex. 2H, pp. 1-14. Instead, Wyatt's arguments centered upon his prison clothing claim and his claim of "actual innocence." Id. Although not at issue here, it is noted that there is no independent "actual innocence" post-conviction claim available under Alabama law outside of the "newly discovered evidence" provisions of Ala.R.Crim.P. Rule 32 (e).

[3] The Respondents respectfully request that this Court take judicial notice of its own records in Wyatt v. Mosley, et al., Civil Action No. 03-1080-N. If needed, the Respondents will provide a copy of their records in that case.

5

### D. The instant petition for habeas corpus

10. On August 10, 2005, Wyatt filed the instant petition for habeas corpus in this Court. In this petition, Wyatt challenges his Autauga County Circuit Court reckless murder conviction, and, although unclear, he appears to submit the following grounds for relief:

> 1) His trial counsel was ineffective by failing to object when the jury was instructed on, and he was convicted of, the offense of reckless murder:
>
> "I was indited on a 2 count inditement MURDER – 1 count
> MURDER – 2 count (in the alternate) Murder one was droped
> at starting of trile and the jury wsa charged on reckless murder
> which I was convicted of the attorney did not object Att.
> Bowers." [sic]
>
> 2) He wore prison clothing during trial:
>
> "I was put before a jury in jail house clothing. I was tried in jail
> house clothing my brother brought me clothing to ware." [sic]
>
> 3) His indictment did not charge him with reckless murder:
>
> "The indictment don't charge me with reckless murder
> Reckless murder applyes when some one is killed when in an
> automobile accident or shooitng into an occupied deweling
> from the outside and kill someone or shooting into a crowd and
> kill some one which is not so in my case." [sic]

Petition pp. 5-7.

11. Wyatt's August 10, 2005 petition does not appear to be barred by the limitation period of 28 U.S.C. § 2244 (d)(1). As the Court of Criminal Appeals noted in footnote 1 of its August 13, 2004 memorandum opinion affirming the trial

6

court's denial of Wyatt's Rule 32 petition, that Rule 32 appeal was the result of an out-of-time appeal granted by the trial court at the request of both Wyatt and the State, after Wyatt's first notice of appeal, though timely filed, was misplaced by the Autauga County Circuit Clerk's Office. Ex. 2D, p. 2 n.1. Accordingly, with allowance for statutory tolling during the pendency of state court proceedings, see Goodman v. United States, 151 F. 3d 1335, 1337 (11th Cir. 1998); 28 U.S.C. § 2254 (d)(2), Wyatt's current petition appears to be timely filed.

## ARGUMENT

### WYATT'S CLAIMS ARE PROCEDURALLY DEFAULTED.

12. Each of Wyatt's claims are procedurally defaulted, and are due to be dismissed. This Court will not review claims made in a petition for habeas corpus that were not first properly presented to the state courts. 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system; this exhaustion requirement is "grounded in the principles of comity and federalism[.]" Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003). "The exhaustion doctrine, first announced in Ex parte Royal, 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254 (b) (1) (1994 ed., Supp. III)." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999). Claims raised in federal habeas petition must be presented to the state court in compliance with the state's procedural

requirements. Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591, 146 L. Ed. 2d 518 (2000). Further, the claims must be presented to the state court of last resort, even when only discretionary review is available under the state court system, for purposes of exhaustion. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734. "There is no doubt that Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule." Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001).

### A. Wyatt's ineffective assistance of counsel claim is procedurally defaulted.

13. Wyatt did not present his ineffective assistance of counsel claim on direct appeal, but appears to have presented this claim, among other several ineffective assistance of counsel claims, in his Rule 32 petition and on appeal from the trial court's denial of that petition in Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347. Exs. 1B, 1D, 1G, 1H, 2A, 2B, 2C, 2D. However, after the Court of Criminal Appeals affirmed the trial court's denial of Wyatt's Rule 32 petition in Wyatt v. State, CR-03-1347 (Ala. Crim. App. Aug. 13, 2004), Wyatt did not present this claim, nor any other ineffective assistance of counsel claim, in his application for rehearing in the Court of Criminal Appeals (a prerequisite for certiorari review, see Ala.R.App.P. Rule 40 (d)(1) ) or in his petition for writ of certiorari in the Alabama Supreme Court.  Exs. 2F, 2H. By not seeking certiorari review on this claim, Wyatt did not exhaust his state court

8

remedies, and has rendered the claim procedurally defaulted. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734; Smith v. Jones, 256 F. 3d 1135, 1140.

### B. Wyatt's prison clothing claim is procedurally defaulted.

14. Wyatt's claim that he was forced to wear prison clothing during trial was presented in his Rule 32 proceedings and on appeal from the trial court's dismissal of his Rule 32 petition. Exs. 2B, 2C, 2D, 2H. However, the Court of Criminal Appeals held that the claim was procedurally barred, due to his failure to raise it at trial:

> "Wyatt contends that he was denied a fair trial because, he says, he was forced to appear before the jury in prison clothing. This claim is procedurally barred by Rule 32.2 (a)(3) and (5), Ala. R. Crim. P., because it could have been, but was not, raised and addressed on appeal."

Ex. 2D, p. 1.

15. Claims that are not adequately presented to the state court in compliance with the state's procedural requirements are not properly exhausted, and are rendered procedurally defaulted. Brownlee v. Haley, 306 F. 3d at 1065. "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance[.]" Coleman v. Thompson, 501 U.S. 722, 732, 111 S. Ct. 2546, 2555, 115 L. Ed. 2d 640 (1991); Brownlee, 306 F. 3d at 1065. Federal courts must decline review of claims barred by a legitimate state

9

procedural bar. Wainwright v. Sykes, 433 U.S. 72, 86-87, 97 S.Ct.2497, 2506, 53 L. Ed. 2d 594 (1977); Cooper v. Wainwright, 807 F. 2d 881, 886 (11th Cir. 1986). Accordingly, Wyatt's failure to properly present this claim to the state courts renders it procedurally defaulted. Coleman v. Thompson, 501 U.S. at 732, 111 S. Ct. at 2555; Brownlee, 306 F. 3d at 1065.

### C. Wyatt's indictment claim is procedurally defaulted.

16. Wyatt's claim that his indictment did not properly charge him with reckless murder was not presented to the state courts. Ex. 1B, 1E, 1G, 2A, 2B, 2D, 2F, 2H. Accordingly, as with the preceding habeas claims, Wyatt's failure to exhaust his state court remedies has rendered this claim procedurally defaulted. Boerckel, 526 U.S. 838, 848, 119 S. Ct. 1728, 1734; Smith v. Jones, 256 F. 3d 1135, 1140.

17. Wyatt's procedurally defaulted claims are not capable of further presentation to the state courts via Ala.R.Crim.P. Rule 32, because they would be precluded from review as untimely, because (other than the ineffective assistance claim) they could have been raised on direct appeal, and because they would stem from a successive petition. Ala.R.Crim.P. Rules 32.2 (a)(4), (a)(5), (b), (c).

18. "A habeas petitioner can only evade the exhaustion requirement by showing cause for and actual prejudice resulting from the default or by establishing a fundamental miscarriage of justice." McNair v. Campbell, 416 F. 3d 1291, 1304

n.9 (11th Cir. 2005). Wyatt has not shown cause and actual prejudice arising from an alleged violation of federal law here, nor has he shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of the claims. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-2565; Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Wyatt's petition.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

# EXHIBITS

Exhibit 1A: Record on appeal from direct appeal, Wyatt v. State, Autauga County Circuit Court CC-99-322, Alabama Court of Criminal Appeals CR-99-1947

Exhibit 1B: Appellant's Brief, Wyatt v. State, Alabama Court of Criminal Appeals CR-99-1947

Exhibit 1C: Appellee's Brief, Wyatt v. State, Alabama Court of Criminal Appeals CR-99-1947

Exhibit 1D: Alabama Court of Criminal Appeals' memorandum opinion, Wyatt v. State, CR-99-1947 (Ala. Crim. App. Oct. 20, 2000)

Exhibit 1E: Appellant's Application for Rehearing, Wyatt v. State, Alabama Court of Criminal Appeals CR-99-1947.

Exhibit 1F: November 3, 2000 order overruling application for rehearing, Wyatt v. State, Alabama Court of Criminal Appeals CR-99-1947.

Exhibit 1G: Petition for Writ of Certiorari filed in the Alabama Supreme Court, Ex parte Wyatt (v. State), No. 1000989

Exhibit 1H: Alabama Supreme Court's order denying petition for writ of certiorari, Ex parte Wyatt (v. State), No. 1000989 (Apr. 20, 2001)

Exhibit 1I: Court of Criminal Appeals' April 20, 2001 certificate of judgment, Wyatt v. State, Alabama Court of Criminal Appeals CR-99-1947.

Exhibit 2A: Record on appeal from Ala.R.Crim.P. Rule 32 proceedings, Wyatt v. State, Autauga County Circuit Court CC-99-322.60, Alabama Court of Criminal Appeals CR-03-1347

Exhibit 2B: Appellant's Brief, Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347

Exhibit 2C: Appellee's Brief, Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347

## EXHIBITS (continued)

Exhibit 2D: Alabama Court of Criminal Appeals' memorandum opinion, Wyatt v. State, CR-03-1347 (Ala. Crim. App. Aug. 13, 2004)

Exhibit 2E: Alabama Court of Criminal Appeals' September 27, 2004 order regarding application for rehearing

Exhibit 2F: Appellant's Application for Rehearing, Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347

Exhibit 2G: November 5, 2004 order overruling application for rehearing, Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347

Exhibit 2H: Petition for Writ of Certiorari filed in the Alabama Supreme Court, Ex parte Wyatt (v. State), No. 1040276

Exhibit 2I: Respondent's Initial Reply Brief filed in the Alabama Supreme Court, Ex parte Wyatt (v. State), No. 1040276

Exhibit 2J: "Cross-Reply Brief" filed in the Alabama Supreme Court, Ex parte Wyatt (v. State), No. 1040276

Exhibit 2K: Alabama Supreme Court's order denying petition for writ of certiorari, Ex parte Wyatt (v. State), No. 1040276 (Mar. 11, 2005)

Exhibit 2L: Court of Criminal Appeals' March 11, 2005 certificate of judgment, Wyatt v. State, Alabama Court of Criminal Appeals CR-03-1347

Exhibit 3A: This Court's February 6, 2004 recommendation, and March 3, 2004 order adopting said recommendation, for dismissal of Wyatt's first habeas petition, Wyatt v. Mosley, et al., Civil Action No. 03-F-1080-N

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of September, 2005, I electronically filed the foregoing, excluding Exhibits 1A and 2A, with the Clerk of the Court using the CM/ECF system, and have filed Exhibits 1A and 2A with the Clerk of the Court via mailing by the United States Postal Service or by hand delivery, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>   Carl Emmett Wyatt, AIS #211315
>   Easterling Correctional Facility
>   200 Wallace Drive
>   Clio, Alabama 36017

>   /s/Marc A. Starrett
>   Marc A. Starrett (STARM1168)
>   Office of the Attorney General
>   Alabama State House
>   11 South Union
>   Montgomery, AL 36130-0152
>   Telephone: (334) 242-7300
>   Fax: (334) 242-2848
>   E-Mail: MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
219859/Wyatt
84802-001