COURT OF CRIMINAL APPEALS NO. *CR-03-1347*

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF _____Autauga_____ COUNTY, ALABAMA

CIRCUIT COURT NO. _____CC-99-322.60_____

CIRCUIT JUDGE _____John B Bush_____

Type of Conviction / Order Appealed From: _____Rule 32 Petition_____

Sentence Imposed: _____Petition Dismissed_____

Defendant Indigent:   [X] YES   [ ] NO

Carl Emmett Wyatt

Pro Se

(Appellant's Attorney)

Easterling Corr Facility, P O Box 10   (Telephone No.)
(Address)

Clio, AL   36014
(City)        (State)        (Zip Code)

NAME OF APPELLANT

STATE OF ALABAMA

V.

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

NAME OF APPELLEE

(For Court of Criminal Appeals Use Only)


EXHIBIT 2A

I N D E X

Index .................................................. 1 - 2

CC-99-322.60 Case Action Summary ....................... 3 - 4

Petition for Relief from Conviction or Sentence ....... 5 - 22

In Forma Pauperis Declaration ....................... 23 - 26

Motion to Petition the Court ot Order the State of
Alabama to Respond to the Rule 32 Petition in Autauga
County Circuit Court .............................. 27 - 29

Petitioners Motion for Judgement on the Pleadings in his
Favor ............................................. 30 - 33

Motion to Dismiss ................................. 34 - 35

Mandamus .......................................... 36 - 38

Order from CCA .......................................... 39

Affidavit of Robert Bowers, Jr. ..................... 40 - 41

Order ................................................... 42

Return of the Respondents .......................... 43 - 51

Order from CCA ......................................... 52

Notice of Appeal ....................................... 53

Court of Criminal Appeals Docketing Statement ........ 54 - 55

Reporter's Transcript Order--Criminal ............... 56 - 57

Notice of Appeal to the Alabama Court of Criminal Appeals
by the Trial Court Clerk ............................... 58

CC-99-322.61 Case Action Summary ....................... 59

Petition for Relief From Conviction or Sentence ..... 60 - 73

In Forma Pauperis Declaration ....................... 74 - 78

Motion to Grant Petitioner's Rule 32 ARCRP Petition . 79 - 80

2

Order ................................................. 81

Certificate of Completion and Transmittal of Record on
Appeal by Trial Clerk ................................. 82

```
CRO370          ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1999 000322.60
OPER: DEM                     CASE ACTION SUMMARY
PAGE:    1                    CIRCUIT  CRIMINAL               RUN DATE: 06/27/2001
IN THE CIRCUIT COURT OF   AUTAUGA                                    JUDGE: JEB

STATE   OF  ALABAMA                 VS      WYATT CARL EMMETT 211315
                                            EASTERLING CORR FACILITY
CASE: CC 1999 000322.60                     P O BOX 10
                                            CLIO, AL   36014 0000

DOB: 08/03/1941        SEX: M  RACE: W  HT: 5 06  WT: 120   HR: BRO EYES: BLU
SSN: 423487132  ALIAS NAMES:

CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER:

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE     INDICTED:                      DATE     FILED: 06/27/2001
DATE    RELEASED:                       DATE   HEARING:
     BOND AMOUNT:              $.00          SURETIES:

DATE 1:             DESC:                TIME: 0000
DATE 2:             DESC:                TIME: 0000

TRACKING NOS:                    /                      /

   DEF/ATY:                         TYPE:                         TYPE:

                           00000                   00000

PROSECUTOR: PARTRIDGE SAMUEL SCOTT
```

```
OTH CSE:   000000000000 CHK/TICKET NO:                GRAND JURY:
COURT REPORTER:                    SID NO:                
DEF STATUS: PRISON                 DEMAND:        000000000         OPER: DEM
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | OPE |
|---|---|---|
| 06/27/2001 | CASE ACTION SUMMARY PRINTED          (AR08) | DEM |
| 6/27/01 | Petition for Relief from Conviction or Sentence, In Forma Pauperis Declaration filed | |
| 6/27/01 | In Forma Pauperis Declaration Granted - May be filed w/o prepayment of costs.  To be assessed at conclusion of case.  John B Bush, Circuit Judge | |
| 6/27/01 | Copy to Assistant DA | |
| 8/21/01 | Motion to Petition the Court to Order the State of Alabama to Respond to the Rule 32 Petition in Autauga County Circuit Court filed | |
| 9/11/01 | Petitioners Motion for Judgement on the Pleadings in His Favor filed | |
| 9/17/01 | Motion to Dismiss filed | |
| 5/16/02 | Mandamus filed | |
| 5/24/02 | Order from CCA filed | |
| 6/4/02 | Affidavit of Robert Bowers, Jr filed | |

4

ACR0369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R
CASE ACTION SUMMARY
CONTINUATION                          CASE: CC 1999 000322.60
                                      JUDGE ID:  JBB
---------------------------------------------------------------------------
STATE  OF  ALABAMA                VS     WYATT CARL EMMETT 211315
---------------------------------------------------------------------------
    DATE          ACTION, JUDGMENTS, CASE NOTES               Page 2

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 6/4/02 | Order filed - Rule 32 Petition is Dismissed,  Costs taxed |
|        | against the petitioner |
| 6/13/02 | Return of the Respondents filed |
| 6/18/02 | Order from CCA filed - Writ of Mandamus Dismissed |
| 6/19/02 | Notice of Appeal filed |
| 6/19/02 | Court of Criminal Appeals Docketing Statement filed |
| 6/19/02 | Reporter's Transcript Order--Criminal filed |
| 5/18/04 | Notice of Appeal to the Alabama Court of Criminal Appeals |
|         | by the Trial Court Clerk |

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32.
### Alabama Rules of Criminal Procedure)

5

Case Number

CC ___99___ _322_
ID    YR    **NUMBER**

IN THE ___Circuit_____ COURT OF _Prattville___ ALABAMA

_Carl Emmett Wyatt_____ vs. _State of Alabama_____
Petitioner (Full Name)                    Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _211315_____ Place of Confinement _Easterling Correctional Facility_

County of conviction _Autauga_____

### NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Autauga Circuit Court_ _Prattville, Alabama_

2. Date of judgment of conviction _May-8-2000_

3. Length of sentence _Thirty (30) years_

4. Nature of offense involved (all counts) _Reckless Murder_

5. What was your plea?   (Check one)

   (a)  Guilty _____

   (b)  Not guilty ___✓___

   (c)  Not guilty by reason of mental disease or defect _____

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

6

6. Kind of trial: (Check one)

   (a)   Jury __✓__              (b)   Judge only _____

7. Did you testify at the trial?

   Yes __✓__                     No _____

8. Did you appeal from the judgment of conviction?

   Yes __✓__                     No _____

9. If you did appeal, answer the following:

   (a)   As to the state court to which you first appealed, give the following information:

      (1)   Name of court _COURT OF Criminal Appeals State of Alabama_

      (2)   Result _CouRT iS AFFiRMED._

      (3)   Date of result _Oct-20-2000_

   (b)   If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1)   Name of court _Supreme Court of Alabama_

      (2)   Result _Writ Denied/no opinion_

      (3)   Date of result _April 20th, 2001_

   (c)   If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1)   Name of court _____

      (2)   Result _____

      (3)   Date of result _____

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____          No ___/___

If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

          _____ N/C _____

          _____

          _____

          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____          No _____

     (5)  Result _____ N/A _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

          _____ N/A _____

          _____

          _____

          _____

          (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____          No _____

     (5)  Result _____ N/A _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____

3

(2)  Nature of proceeding _____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary).

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _____

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION**
**FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

_____  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

(1)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)   Conviction obtained by use of coerced confession.

(3)   Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)   Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)   Conviction obtained by a violation of the privilege against self-incrimination.

(6)   Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)   Conviction obtained by a violation of the protection against double jeopardy.

(8)   Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)   Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

——— B.   **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— C.   **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— D.   **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— E.   **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F    **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No __✓__

B.    If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____ N/A _____

(b)  Result _____

(c)  Date of result _____
       (attach additional sheets if necessary)

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why] failure to entertain [this] petition will result in a miscarriage of justice."

14.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No __✓__

6

15. Give the name and address. if known, of each attorney who represents you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _Robert Bowers Jr._
_401 2nd AVE., N. Clanton, AL 35045_

(b) At arraignment and plea _Robert Bowers Jr._
_401 2nd AVE., N. Clanton, AL 35045_

(c) At trial _Robert Bowers Jr._
_401 2nd AVE., N. Clanton, AL 35045_

(d) At sentencing _Robert Bowers Jr._
_401 2nd AVE., N. Clanton, AL 35045_

(e) On appeal _Gary A.C. Backus_
_P.O. Box 1804, Montgomery, AL 36102-1804_

(f) On any post-conviction proceeding _____

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No __✓__

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No __✓__

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed. or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes __✓__          No _____

18. What date is this petition being mailed?

_____

   Wherefore. petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY  *12*

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _17-May-2001_
(Date)

_Carl C. Whatt_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _17_ day of _May_ 19 _2001_

_Diane Co_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , 19 _____ .

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

*13*

In the Circuit Court of Autauga County, Alabama

Carl Emmett Wyatt
Petitioner

VS.

State of Alabama
Respondents

Circuit Court
Case No. _CC- 99 - 322_

Brief and argument in support of petition for conviction and sentence

Comes now, the petitioner, Carl E. Wyatt by and through himself, in the above entitled cause, pursuant, to Rule 32 of the Alabama Rules of Criminal Procedure, seeking relief from conviction and/or sentence and stating the following in support herein:

Statement of the Case

*14*

On June 1, 1999, Carl E. Wyatt allegedly shot his friend, Herman Searcy. On June 9, 1999, Mr. Searcy died from pulmonary embolism. Mr. Wyatt was indicted on July 30, 1999 by a Grand Jury in Autauga County, Alabama on the charge of Murder and Reckless Murder. Mr. Wyatt was tried for Reckless Murder on May 8, 2000 and found guilty. On June 14, 2000, Mr. Wyatt was sentenced to thirty (30) years incarceration

Grounds for Relief



A. The Constitution of the United States or of the state of Alabama requires a new trial or other relief

I. Constitutional Presumption of Innocence
(Due Process)

II. Denial of effective assistance of counsel.

B. Newly discovered material facts exist which require that the conviction or sentence be vacated by the court because

II. If the fact had been known at the time of trial or sentencing, the result would probably have been different

*16*

A. <u>The Constitution of the United states or of the State of Alabama requires a new trial or other relief;</u>

I. Constitutional presumption of Innocence
(Due Process)

In every Court in the United States of America or the State of Alabama, the accused is presumed innocence until proven guilty, by a fair, impartial trial/jury. Under the fourteenth(14) Amendment of the United States Constitution; the constitution of Alabama, Article 1, sec. 7 & Article 1, sec/ 6.

Carl E. Wyatt was denied his fourteenth (14) amendment and his seventh (7) and sixth (6) amendment rights. By being compelled to wear prison/jail clothing at the trial.

In <u>Bentley v. Christ</u>, 469 F.2d 854 (1972) the court held the following:

"Compelling accused to wear prison clothing may deny to him presumption of innocence; and attire with word "jail or sheriff" stenciled on it is prison clothing."

On Tuesday, May 9, 2000, at 9:25a.m the Circuit Court of Autauga County. Before Hon: John B. Bush, instructed the jury that Mr. Wyatt comes into court clothed in the presumption of innocence. However, Carl E. Wyatt was clothed in an Autauga County Jail clothing with the words imprinted/stenciled: Autauga County Jail on the back area and front leg of the clothing. Page 10, lines 9-18 and page 70, lines 13-20 of the Reporters Official Transcript, clearly identified Mr. Wyatt as the man in the orange. The prison/jail attire could have and most likely did effect the jurors' judgement.

<u>Estelle v. Williams</u>, 48 L.Ed. 2d 126

Jurors must be "impartial, indifferent jurors." (Cite Estelle v. Williams)

"The failure to accord an accused a fair hearing violated even the minimal standards of due process."

Mr. Wyatt's due process was violated. In all criminal prosecutions the accused has a right, generally, due process of the law. <u>Constitution of Alabama</u>, Article 1, sec. 7

The government has deprived Mr. Wyatt a Constitutional fundamental right.

Quoting <u>Estes v. Texas</u>, 14 L.Ed.2d 543.
"Although the actual impact of a particular practice on the judgment of jurors cannot always be fully determined, the probability of deleterious effects on an accused's fundamental rights calls for close judicial scrutiny; Courts must do the best they can to evaluate the likely effects of a particular procedure, based on reason, principle, and common human experience." (See also, <u>Estelle v. Williams</u>, 48 L.Ed. 2d 126)

*17*

John F. Kennedy stated:

Qualifications of judgementships respected professional skill, incorruptible character, firm judicial temperament, the rare quality to know when to temper justice with mercy, and the intellectual capacity to protect and illuminate the constitution.

Mr. Wyatt was indeed proven guilty by unfairness of the fact finding process of the American court system. United States v. Carter, 522 F.2d 666

Mr. Wyatt was intentional unafforded the opportunity to appear at trial, before a jury, in unidentifiable civilian clothing. Though the same had been provided by his brother (Jimmie Wyatt) and clothing was present at the Autauga County Jail, Mr. Wyatt was confined in, at the time of trial (see exhibit marked A)

Presumption of innocence is axiomatic, elementary and its foundation lies at the administration of our criminal law.

II.    Denial of effective assistance of counsel

The issue is, did counsel for Carl E. Wyatt perform his duties as providing adequate legal assistance to the accused?

Mr. Bowers, counsel for the petitioner at the trial for murder in the reckless type, failed to raise the issue of constructive amendment of indictment. In the case of Strickland v. Washington, 466 U.S. 668, 801.ed. 2d 674:

> "Counsel owes the client a duty of loyalty, a duty to advocate the defendants cause, a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process."

I

Petitioner, Carl E. Wyatt was indicted on two (2) counts of murder as contained in the indictment on one said victim Herman Searcy. The indictment failed to contain a lesser included offense of murder.

Under Alabama Rules of Criminal Procedure, rule 13.2(c): "an indictment or information shall constitute a charge of that offense and of all lesser offenses necessarily included therein."

Reckless murder is not a lesser included offense of murder. Northington v. State, 412 So.2d 1169.

Counsel, Mr. Bowers failed to raise this issue.

II

Count one of the indictment was dismissed at the opening of trial; State of Alabama v. Carl

*18*

Emmett Wyatt. Count two of the indictment of murder in the reckless type is what Carl E. Wyatt was convicted of and sentenced too.

The evidence introduced at trial was prejudice to Carl E. Wyatt, due to the nature and cause of the first count in the indictment, which was dismissed at the opening of the trial.

Code of Alabama Title 13A-6-2(a)(2) defines reckless murder as follows:    "Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person" (What amounts to "extreme indifference," depends on the circumstances of the particular case, but some shocking, outrageous or special heinousness must be shown).

Code of Alabama Title 13A-2-2(3) defines recklessly as follows:    :a person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstances exists."

The prosecution used evidence of other wrongs, or acts as a scheme. Black's Law Dictionary defines scheme as follows:    "A design or plan formed to accomplish some purpose." There was no scheme involved in the shooting of Herman Searcy. The prosecution used evidence from count one, which is murder, intentionally, and which was dismissed at the opening of trial.

Intentionally is defined as follows in Black's Law Dictionary:    "To do something purposely, and not accidently;" For purpose of criminal statue: "Willfully or purposely, and not accidently or involuntarily." However, the court ruled that the evidence is being used as absence of mistake or accident.

Absence of mistake is defined as follows:    "Some intentional act, omission, or error arising from surprise, imposition, a state of mind not in accord with reality.
Accident is defined as follows:    "Something occurring unexpectedly or unintentionally."

It is clear that the evidence the prosecution and the court ruled on was altered, quoting Gaither v. United States, 413 F.2d 1061. "An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect by the prosecutor or court after the grand jury has last past upon them."

See United States v. Staggs, 881 F.2d 1527; United States v. Fulcher, 626 F.2d 985; United States v. Huff, 512 F.2d 66; Thomas v. Harrelson, 942 F.2d 1530 (11th cir. 1991)

III

Counsel failed to raise the issue of involuntary confession. Mr. Wyatt's blood alcohol level was .15% at the time he was questioned by Officer Jay McMichaels.

Petitioner is aware that intoxication is not a defense to a criminal charge. However, subsection©

3

code of Alabama title 13A-3-2© states as follows:      "Involuntary intoxication is a defense to prosecution is as a result the actor lacks capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of law."

The testimony of Michael Burks, an Autauga County sherrif's employee, testified as follows: page 22, lines 12-20 of the Official Court Reporters Transcript:
Q. And at that point did Mr. Wyatt appear to you to be intoxicated?
A. Yes he was.
Q. Okay. Could you tell the jury exactly why you made that determination?
A. Well, I could smell alcohol. I got close to him. And he was leaning on a building and he would try to stand up and he was wobbling, could not hardly stand.

Officer Jay McMichaels's testimony was in part as follows:
Q. Did he appear to you to understand those rights?
A. Oh, yes sir.
Q. Did he acknowledge that he understood those rights?
A. Yes sir, he did. I asked him clearly "do you understand each of these rights?" and he said, "yes, I do."

The testimony of Officer Jay McMichael and Officer Michael Burks are controversy to each other to whether Carl E. Wyatt was intoxicated and whether the statements given by the accused, Carl E. Wyatt was voluntarily, knowingly made due to his intoxication.

Mr. Bowers most definitely should have argued the credibility and weight of the testimony and evidence of confession. See Callahan v. State, 557 So.2d.1292; Warren v. State, 205 So.2d 916(1967); Ray v. State, 97 So.2d 594; Fitzhugh v. State, 43 So.2d 831; (Intoxication of accused at the time of confession 69 A.L.R. 2d 361,362).

In People v. Schompert, 19 N.Y. 2d 300,279 N.Y.S. 2d 515,226 N.E. 2d 305; the court said: "Lack of awareness or understanding alone might be sufficient to exclude a confession in the rare case were it appears that at the time of the confession the confessant was so intoxicated as to lack mental capacity, that is, he was unable to appreciate the nature and consequences of his statements." [See Whitehurst v. State, 489 So.d. 152; Cox v. State, 489 So 2d. 612; Royal v. State, 447 So. 2d 834].

IV

Counsel failed to raise the issue of intervening cause of death/contributing negligence/slight negligence.

The testimony of Dr. Gregory Price is that; Mr. Searcy died as a result of being immobile due to the surgery which was a direct result to pulmonary embolism due to the gunshot wound. Also, the testimony of Dr. Edward Neal Foxhall is that; Mr. Searcy died from pulmonary embolus and delirium tremens, which is withdrawal from alcohol.

4

First, the cause of death was not a direct result of the gunshot wound. However, pulmonary embolism is a direct result due to the negligence of the care Mr. Searcy received. Second, the gunshot wound is not the direct result from complications from the gunshot wound but from complications from the operation from being immobile, which is what caused the pulmonary embolus. Also, delirium tremens, is not a result of the gunshot. Withdrawal from alcohol is the only result of delirium tremens. Accordingly to the testimony of Dr. Foxhall the pulmonary embolus was in the large veins of Mr. Searcy's legs, due to being immobile.

Counsel for Carl E. Wyatt failed to raise these issues, which possibly could have made the outcome of the trial totally different. United States v. Cronic, L.Ed.2d 657, Criminal Law Sec. 46.6.

It is highly possible that Mr. Wyatt could have received the lesser offense of manslaughter if counsel would have performed his duties as commitmentent lawyer that the accused is entitled to under the sixth (6) amendment. [ See United States v. Alvarez, 580 F.2d 1251; United States v. Gallegos, 39 F. d.. 276, Dill v. State, 484 So. 2d 491; Fortenberry v. State, 659 So. 2d 194; Strickland v. Washington]

The jury could have mitigated/determined the evidence, quoting Austin v. State, 434 So 2d. 289; Waters v. State, 357 So 2d 368: " Any evidence is relevant if it has tendency to throw light upon the matter at issue." This issue possibly could have been very favorable to the defense of Carl E. Wyatt [See Welch v. State, 235 So 2d 906; White v. Pratt, 721 So. 2d 210; Smith v. State, 354 So. 2d. 1167].

"Carl Emmett Wyatt alleges that counsel did fail him as a citizen, as to properly defend him. That's why the court system established a defense to the offense."

Newly discovered material facts which require that the conviction or sentence be vacated by the court because: If facts had been known in the case of murder (reckless), the State of Alabama vs. Carl Emmett Wyatt, "the state produce testimony of evidence of other crimes, wrongs and acts in criminal cases; under the exclusionary rule; Alabama Rule of Evidence, 404(b). However, Mr. Bowers (counsel for accused) objectioned to this testimony, the Court however, allowed the testimony as admissible under the exclusionary rule. In rule 404(b) it states that prosecution shall provided reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. The provide clause of section (b) requires pretrial notice to the accused of the prosecutions intent to use evidence of collateral misconduct. The "provide" clause is based upon an amendment to the corresponding Federal rule adopted in 1991 Fed. Rules of Evidence 404(b). "The prosecution failed to give the accused, Carl Emmett Wyatt, reasonable notice."

The testimony of Adam Wadsworth and Melissa Wadsworth should not have been admissible as evidence for the sole purpose that the accused, Carl Emmett Wyatt is guilty (Aaron v. State, 596 So. 2d. 29). The underlying rationale for this rule ( 404(b) ) is that the prejudicial effect of the prior bad acts far outweigh any probative value gained from their use. (McLemore v. State, 562 So. 2d 639, 1989) (Dodwell v. State, 480 So. 2d 45, 1985)

*21*

Under the Federal rule adopted in 1991, Fed Rules of Evidence 404(b), the court must determine whether the identified purpose, whether to prove motive or intent or identify [or] some other purpose is "material," that is, whether it is an issue in the case. If the court finds it is, the court must then determine, before admitting the other acts evidence, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, than after receiving the evidence, the court must "clearly, simply, and correctly" instruct the jury as to the specific purpose for which they may consider the evidence.

On the first issue, the prosecution and the court must identify the specific purpose for which the evidence is offered. The prosecution argued that the testimony of other crimes, wrongs, or acts is admissible under an exception to the exclusionary rule; the prosecution identified a common scheme as "material." However, the court identified the exception to the general exclusionary rule as absence of mistake or accident. [See United States v. Rivers, 837 F.2d 906]

In U.S. v. Hogan, 986 F.2d 1364 (11th cir.1993) "the government must offer sufficient proof so that the jury could find that defendant committed the act." [See United State v. Kendall, 766 F.2d. 1426]

Second, the court must instruct the jury as to the specific purpose for which they may consider the evidence. (U.S. v. Jobson, 102 F.d. 214) Also, the court must give limited instruction both at the time evidence is admitted and in general charge [U.S. v. Rivera, 837 F.2d. 906 Criminal Law 673(5); U.S. v. Brown, 770 F.2d. 912].

Third, whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. (U.S. v. Kendell, 766 F.2d. 1426) "must have real probative value not just possible worth." Did the court balance the evidence so that Mr. Wyatt could receive a fair trial? "The more similar the bad act is to the act charged, the more likely the jury is to draw the impermissible inference that the defendant has propensity to commit such acts" (Rule 404(b) balancing the evidence).

Petitioner respectfully request that he (petitioner) be brought back before this honorable court and counsel appointed.

22

## Statement

I Jimmie L. Wyatt, did on or about the 6th Day of May, 2000. Bring Clothing For Carl E. Wyatt to Ware to a Jury trial. that was to take place on the 9th Day of May 2000. Clothing Was left at The Front Desk With a Autauga County Shireff Deputy At the Autauga County Jail and he Was informed the Clothing Was For Carl E. Wyatt to Ware to Court.

Sworn to and subscribed before my hand On This 2 Day of April 2001

Jimmie L. Wyatt
Affiant

Silvia Paula
Notary Public

My Commission Expires
Feb. 13, 2002
My Commission Expires

| Exhibit | |
|---------|---|
| A | |

Case Number *23*

| ID | YR | NUMBER |

**(To be completed
by Court Clerk)**

# IN FORMA PAUPERIS DECLARATION

[Insert appropriate court]

Carl Emmett Wyatt
(Petitioner)

vs.

State of Alabama
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, Carl E. Wyatt _____, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____ N/A _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____ N/A _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____     No ✓

   b. Rent payments, interest, or dividends?

   Yes _____     No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes ✓     No _____

   d. Gifts or inheritances?

   Yes _____     No ✓

   e. Any other sources?

   Yes _____     No ✓

2

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

*VA Comp    about $100.00 per mo.*    **24**

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _X_                No ~~XXX~~

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

   *$ 53.09*

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _____                No _✓_

   If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

   *N/A*

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on *5-14-01* .
                   (Date)

   *Carl E. Wyatt*
   Signature of Petitioner          *21315*

   ## CERTIFICATE

   I hereby certify that the petitioner herein has the sum of $ *34.92* on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said *Easterling* institution:

   *See attached*

   *5-15-01*
   DATE

   *Myra K. Peters Asst Clerk*
   AUTHORIZED OFFICER OF INSTITUTION

Rule 32                                3

*25*

```
              STATE OF ALABAMA
          DEPARTMENT OF CORRECTIONS
          EASTERLING CORR. FACILITY


  AIS #:   211315          NAME:   WYATT, CARL EMMETT

        THESE FIGURES ARE AS OF:   05/15/2001


              # OF      AVG DAILY         MONTHLY
      MONTH   DAYS       BALANCE          DEPOSITS
------------------------------------------------------------

        NOV    15         $52.00           $0.00
        DEC    31         $67.24         $100.00
        JAN    31         $32.19         $100.00
        FEB    28         $19.73           $0.00
        MAR    31        $145.10         $240.00
        APR    30        $126.43          $90.00
        MAY    15         $53.09           $0.00
```

26

7000 0520 0014 5470 6988

5-23

Moncrief
To: Circuit Court Clerk
Of Atauga County
134 N. Court Street,
Room - 114,
Prattville, Alabama
36067

FILED IN
CIRCUIT CLERKS OFFICE
AUTAUGA CO. AL.

2004 JUN 27 PM 12: 07

WHIT MONCRIEF
CIRCUIT CLERK

Carl E. Wyatt
AIS# 211315  10-19-60
Easterling Correctional
Facility
P.O. Box # 10
Clio, Al. 36017

27

Carl Emmett Wyatt
       Petitioner:


              V                          Case No. CC-99-322


State Of Alabama
       Respondent:

---

Motion To petition the Court To Order
The State of Alabama to respond To The
Rule 32 petition in Autauga County Circuit Court

---

Now comes The petitioner, Carl Emmett Wyatt
in prose, Respectfuly Submit this petition To The
Court and ask the Said Court to order The District
Attorney for a response. by rules governing (Rule 32.7(a)
Of Alabama Rules of Criminal procedure) and The petitioner
Submitts The Following.


(1) On 6/27/01 petitionsfor Relief from Conviction or
    Sentence was submitted by Carl Emmett Wyatt
    To: Autauga County Circuit Court, prattville, al.

(2) Copy was Sent To Asst. District Attorney
    By Autauga County Circuit Clerk. whit mencrief on 6-27-01

(3) Rule 32.7(a) of Alabama Rules of Criminal procedure
    States prosecutors must respond in The 30 days
    After The Service of The petition, or within The
    Time otherwise specified by Court

**28**

The petitioner prays This Court To order The Following

1. For The State of Alabama To submit a Brief in response To petition Rule 32  Cert of service

Certificate of Service

I do hereby Certify ThaT a True and exact Copy of The foregoing motion has been Served upon The office of The District Attorney of Autauga County al. 36068 and The office of District Court Judge JOHN B. BUSH by placing Same in US mail FirsT Class postage prepaid.

This 21 day of aUG 2001

Carl E. Wyatt
Signed



29

Carl E. Wyatt A/S 211315
P.O. Box # 10 - 10-A
Clio, Al. 36017

"This correspondence is forwarded from
Alabama State Prison. The contents have not been
evaluated, and the Alabama Department of
Corrections is not responsible for the substance
or content of the enclosed communication."

Whit Moncrief Circuit Clerk
~~Chilton~~ County
Autauga

P.O. Box 681450

CARL EMMETT WYATT
PETITIONER

30

Vs

CASE # CC-99-322

STATE OF ALABAMA
RESPONDENT

PETITIONERS MOTION FOR JUDGEMENT
ON THE PLEADINGS IN HIS FAVOR

Comes now Carl Emmett Wyatt the petitioner
in the above Styled cause by through the assistance
of another inmate and hereby moves this Court
For an order granting this petitioner a judgement
on the pleadings in his favor and as grounds, shows
as follows.

1. This petitioner was convicted in Autauga County
Circuit Court of The Crime of "Reckless murder"
and This petitioner is not guilty of The Crime.

2. On the __27th__ day of __June__ 2001. This petitioner
Filed a Rule 32 petition in the Autauga County
Circuit Court and Judge Bush ordered That
a copy be sent to the D.A.

31

As of this date more than sixty (60) days have elapsed and The D.A./state has failed to respond answer,defend or otherwise plead to this petitioner's Rule 32 petition as required by Rule 32.7(a) A.R.C.

4. No one has refuted or denied the material allegations of this petitioner's Rule 32 petition, thus the petitioner's allegations should be taken as true and this petitioner is certainly entitled to relief.

## RELIEF REQUESTED

Where fore the petitioner prays that this Court will issue orders granting this petitioner's Rule 32 petition and vacate his conviction and sentence, or in the alternative, appoint counsel to represent the petitioner and hold an evidentiary hearing.

So Is prayed

Done this __9th__ day of September 2001

Respectfully Sumitted
Carl E. Wyatt

CARL EMMETT WYATT
AIS# 211315 10-A-60
P.O. Box # 10
Clio, Alabama
                    36017-0010

2.

# CERTIFICATE OF SERVICE 32

I hereby Certify That I have on This 9TH day of September 2001. Served a Copy of The foregoing upon.

1. The Clerk of the Autauga County Circuit Court
   P. O. Box 681450
   Prattville, Alabama. 36068-1450
   and

2. The Office of the Autauga County District Attorney
   Of The Autauga County Court House
   P. O. Box # 681450
   Prattville Alabama.
               36068-1450

by placing Copies of the Same in The U.S. mail properly addressed postage prepaid at Easterling Correctional Facility prior To The Close of The normal business day.

Respectally
Carl E. Wyatt
CARL Emmett Wyatt
A.S# 211315
10-A-60
P. O. Box # 10
Clio, Alabama.
               36017-0010

3.

*33*

CARL Emmett Wyatt
A·s # 211315  10-A-60
P.O. Box # 10
Clio Alabama, 36019-0010

This correspondence is forwarded from Alabama State Prison. The Contents has not been evaluated, and the Fenbers Department of Corrections is not responsible for the substance communication

MONTGOMERY AL
PM

Clerk of The Autauga County Circuit Court
P.O. Box 681450
PratTville Alabama 36068-1450

*34*

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
AUTAUGA COUNTY, ALABAMA

| | | |
|---|---|---|
| CARL EMMETT WYATT, | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | CC99-322.60 |
| | * | |
| STATE OF ALABAMA, | * | |
| Respondent. | * | |

MOTION TO DISMISS

COMES NOW the State of Alabama by and through the District Attorney for the 19th Judicial Circuit, and moves this Court to dismiss the above-styled Rule 32 ARCrP Petition, and as grounds sets forth the following:

1.  Petitioner alleges he was denied due process under the Constitution because he was clothed in prison garb during his trial. However, there is no indication that this was brought to the attention of the trial court. An "accused may not remain silent and willingly go to trial in prison garb and thereafter claim error." Hernandez v. Beto, 443 F.2d 634, 637 (5th Cir.), cert denied 404 U.S. 897, 92 S.Ct. 201, 30 L.Ed 2d 174 (1971). Additionally, Estelle v. Williams requires an appellant to show the State compelled him to wear prison garb. Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691. Petitioner presented no evidence of this.

2.  Petitioner alleges ineffective assistance of counsel. He was represented by Robert Bowers, Jr. at trial and was represented by Gary A. Backus on appeal. Therefore, appointed appellate counsel had the opportunity to file a Motion for New Trial alleging ineffective assistance of counsel prior to the appeal. The appellate court affirmed trial court. His claim of ineffective assistance of counsel is precluded from review. Rule 32.2(a)(3), ARCrP.

3.  The Petitioner alleges newly discovered material facts. However, he is actually challenging the ruling of the trial court as to admissibility of testimony. This could have been raised on appeal and is precluded from review. Rule 32.2(a)(5)

Wherefore, premises considered, the District Attorney requests that said Rule 32 Petition be dismissed.

Respectfully submitted this the _18th_ day of September, 2001.

*Phyllis L. Brantley*

**35**

Phyllis L. Brantley
Assistant District Attorney
134 N. Court Street, Rm 210
Prattville, AL 36607

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on Petitioner by mailing copy of same U.S. Mail, postage prepaid to Carl Emmett Wyatt, AIS# 211315, Easterling Correctional Facility, P.O. Box #10, Clio, AL 36017

*Phyllis L. Brantley*

Phyllis L. Brantley, ADA

36

IN THE ALABAMA CRIMINAL COURT OF APPEALS
MONTGOMERY , ALABAMA

CARL EMMETT WYATT
    Appellant,
    PETITIONER          CC NO. 99-322

Vs.
CIRCUIT COURT [ JUDGE JOHN BUSH ]
AUTAUGA Co,
PRATTVILLE, AL.
    APPELLEE,
    RESPONDENT.

## MANDAMUS

THE APPELLANT in the above said cause moves this Court to accept this Mandamus as it applies, This Appellant is presenting the mandamus in good and good cause.

As following, the Appellant filed a Rule 32 into the Circuit Court of Autauga Co, Prattville, AL, June -27-01, September -9-01, the Appellant had to file a Motion for Judgment on the pleadings September -18-01, the State made a Motion to Dismiss.

thus Far, No other Response has been made

37

by the Court. Whereas, the Court has had amble time to Respond.

The Appellant moves this court to issue an order that the Court of Autauga Co., make proper response to the Rule 32 Filed June -27-01.

Date : 5-14-02

Respectfully Submitted,

Carl E. Wyatt

APPELLANT

P.O. Box 10 - 8 -A
Clio, Alabama 36017

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 14th day of May, 2002, served a copy of the forgoing upon the Clerk of Autauga Co., Circuit Court at P.O. Box 681450, Prattville, Alabama 36068-1450, by Placing a copy of same in the U.S. Mail at Easterling Corr, Facility, Clio, AL, 36017

Carl E. Wyatt

APPELLANT SIGNATURE

38





CARL EMMETT WYATT A:5 211315
P.O. BOX 10 - 8-A
E.C.F.
CLID, AL. 36017-0010

CLERK OF COURT OF AUTAUGA CO.
CIRCUIT COURT
IN RE: JUDGE JOHN BUSH
P.O. BOX 681450
Prattville, AL. 36068-1450

36068+1450

COURT OF CRIMINAL APPEAL
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555

*39*

*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

<u>ORDER</u>

CR-01-1665

Ex parte Carl Emmett Wyatt (In re: State of Alabama vs. Carl Emmett Wyatt) (Autauga Circuit Court: CC99-322).

Pursuant to the provisions of Rule 21(b), Alabama Rules of Appellate Procedure, the respondent is hereby granted twenty one (21) days to respond to the allegations contained in this petition for writ of mandamus.

Done this the 23rd day of May, 2002.

_____
H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/jz

cc: Honorable John B. Bush, Circuit Judge
    Honorable William W. Moncrief, Circuit Clerk
    Honorable Bill Pryor, Attorney General
    Carl Emmett Wyatt, Pro Se, Petitioner
    Honorable Randall V. Houston, District Attorney
    Office of Attorney General



## AFFIDAVIT OF    ROBERT BOWERS, JR.

Before me the undersigned, a notary public in and for the State of Alabama personally appeared Robert Bowers, Jr., who is known to me, and who being first by me duly sworn on oath, deposes and says as follows:

"My name is Robert Bowers, Jr. I am over the age of nineteen years. I am currently a practicing attorney in the State of Alabama and have been since 1982. Since I began the practice of law, a substantial portion of my practice has been in criminal law. I am currently a public defender for the 19th Judicial Circuit. I was a public defender at the time I represented Carl Emmett Wyatt, in which he was tried and found guilty of the charge of Reckless Murder.

I have reviewed my file in Mr. Wyatt's case and do not specifically recall the particulars about this case. I can state with surety that, as an experienced lawyer practicing criminal law at that time, it was my consistent custom and practice to thoroughly discuss with my clients the ramifications of their entering pleas of guilt including the application of prior felony convictions to enhance their convictions and the ramifications of entering a plea of not guilty and moving forward with trial. Furthermore, I involve the client in trial tactics and procedures. In this case Mr. Wyatt was charged with Murder and Reckless Murder. Said charges were listed as separate counts on the indictment and thus Reckless Murder was specifically set out as its own charge and not a lesser included offense as alleged by Mr. Wyatt in his petition. I was successful in removing the charge of Murder from the indictment and Mr. Wyatt was tried for Reckless Murder as stated in the indictment.

Mr. Wyatt alleges that I did not object to his statement being entered as evidence based on his "involuntary" intoxication. However, there is no fact basis that indicated that his intoxication was anything other than voluntary. Therefore the statement was admissible.

Mr. Wyatt's allegation regarding the victim's cause of death was not addressed in the defense. However, testimony was elicited from witness regarding the cause of death. Specifically, pulmonary embolism was mentioned as the cause of death. The jury received this testimony and weighed it in light of Mr. Wyatt's guilt or innocence and rendered a verdict

accordingly.  Therefore Mr. Wyatt's allegation that the cause of death was not presented in his defense is without merit.

As to the admissibility of the testimony of witnesses mentioned in Mr. Wyatt's petition, the Court admitted the testimony over my objection. Therefore the issue was reserved for appeal and my actions were proper in preserving the issue."

Subscribed to and sworn to before me this the ___4___ day of ___June___, 2002.

_____ Notary Public

My commission expires: ___3-2-05___.



IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
AUTAUGA COUNTY, ALABAMA

CARL EMMETT WYATT,    *
    Petitioner,    *
                                 *
vs.    *    CC99-322.60
                                 *
STATE OF ALABAMA,    *
    Respondent.    *

## ORDER

       THE COURT, having considered the Respondent's motion and having made the following findings:

1.     The Petitioner failed to show that his appearance in prison garb was compelled by the State or that he brought it to the attention of the trial court.
2.     Having considered the affidavit submitted by trial counsel for Petitioner, the allegation regarding ineffective assistance of counsel the Court finds counsel met standards set forth in <u>Strickland v. Washington</u>.
3.     Petitioner's challenge to a ruling of the court as to admissibility of testimony could have been raised on appeal and is, thus, precluded from review. Rule 32.2(a)(5).

      Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that the Petitioner's Rule 32 ARCrP Petition is dismissed. The cost of this proceeding is hereby taxed against the Petitioner. The Commissioner of the Department of Corrections is ORDERED to withhold such sums from the account of the Petitioner as allowed by law, and remit the same to the Circuit Clerk of Autauga County, Alabama, to be applied against the court cost herein.

      DONE this the 4ᵀᴴ day of June, 2002.

                                 John Bush
                                 Circuit Judge

NO. CR-01-1665

43

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

EX PARTE: CARL EMMETT WYATT, PETITIONER.

IN RE: CARL EMMETT WYATT, PETITIONER.

V.

STATE OF ALABAMA, RESPONDENT.

AN POST-CONVICTION PETITION IN THE
CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA.
(NO. CC-99-322.60)

ON PETITION FOR A WRIT OF MANDAMUS
TO A JUDGE OF SAID CIRCUIT COURT.

RETURN OF THE RESPONDENTS

OF

BILL PRYOR, ATTORNEY GENERAL

AND

JOSEPH G. L. MARSTON, III, ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR THE RESPONDENTS

ADDRESS OF COUNSEL: Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300

*44*

NO. CR-01-1665

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

EX PARTE: CARL EMMETT WYATT, PETITIONER.

IN RE: CARL EMMETT WYATT, PETITIONER.

V.

STATE OF ALABAMA, RESPONDENT.

AN POST-CONVICTION PETITION IN THE
CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA.
(NO. CC-99-322.60)

ON PETITION FOR A WRIT OF MANDAMUS
TO A JUDGE OF SAID CIRCUIT COURT.

---

RETURN OF THE RESPONDENTS

---

Come the Honorable John B. Bush, a Judge of the Circuit
Court of Autauga County, Alabama, and the State Of Alabama,
respondents in the above styled cause, and, in response to
that order issued by this Honorable Court on May 23, 2002,
make the following return: The writ ought not issue,
because: The petition states no claim, was not properly
served, and raises a moot claim, as more particularly
appears below, separately and severally:

1. The records of this Honorable Court show the
following:

*45*

A. On May 9, 2000, the petitioner, Carl Emmett Wyatt was convicted of murder in the Honorable Circuit Court of Autauga County, Alabama. (D.A.[1] C. p. 19, andR-171-172)

B. On June 14, 2000, Wyatt, who had used a firearm in the commission of his crime, was sentenced to thirty years imprisonment.  (D.A. C. p. 5 and R-173-175.)

C. Appeal followed. (D.A. C. p. 24)

D. On October 20, 2000, this Honorable Court affirmed Wyatt's conviction and sentence, with an unpublished memorandum opinion.

E. Rehearing was denied on November 3, 2000.

F. Certiorari was denied on April 20, 2001.

2. The instant petition relates to a post-conviction proceeding brought by the petitioner in the Circuit Court of Autauga County, Alabama.

3. The petition includes no certificate of service of the petition on the respondents.

---

[1] "D.A." refers to the record on appeal in that cause styled and numbered, <u>Carl Emmett Wyatt v. State of Alabama</u>, Number CR-99-1947, on the docket of this Honorable Court.

*46*

4. The petition was not served on the parties respondent so as to confer jurisdiction on this Honorable Court.

5. The mandamus petition claims that that the Honorable Respondent Judge has not ruled on the petitioner's post-conviction petition.

6. The mandamus petition does not aver that the petitioner ever requested a ruling on his post-conviction petition.

7. The mandamus petition avers neither an unlawful act nor omission nor an abuse of discretion by the Honorable Respondent Judge

8. The petition does not provide a valid address at which the petitioner can be served with papers including this return.

9. The mandamus petition recites only conclusory allegations.

10. The Honorable Respondent Judge has, in fact, denied the petitioner's post-conviction petition. (Attached Exhibit "A".)

11. The petition raises a moot claim.

*47*

12. The petition states no claim for which relief can be given.

13. The petition fails to allege any basis for a writ of mandamus.

THEREFORE, YOUR RESPONDENTS pray that the petition for a writ of mandamus be dismissed or denied.

Respectfully Submitted,

BILL PRYOR
PRY002
ATTORNEY GENERAL
BY:

JOSEPH G. L. MARSTON, III
MAR0032
ASSISTANT ATTORNEY GENERAL

ATTORNEYS FOR THE RESPONDENTS

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama, 36130
(334) 242-7300

EXHIBIT

48

*49*

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
AUTAUGA COUNTY, ALABAMA

CARL EMMETT WYATT,          *
    Petitioner,          *
                *
vs.          *          CC99-322.60
                *
STATE OF ALABAMA,          *
    Respondent.          *

ORDER

    THE COURT, having considered the Respondent's motion and having made the following findings:

1.    The Petitioner failed to show that his appearance in prison garb was compelled by the State or that he brought it to the attention of the trial court.

2.    Having considered the affidavit submitted by trial counsel for Petitioner, the allegation regarding ineffective assistance of counsel the Court finds counsel met standards set forth in <u>Strickland v. Washington</u>.

3.    Petitioner's challenge to a ruling of the court as to admissibility of testimony could have been raised on appeal and is, thus, precluded from review.  Rule 32.2(a)(5).

    Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that the Petitioner's Rule 32 ARCrP Petition is dismissed.  The cost of this proceeding is hereby taxed against the Petitioner.  The Commissioner of the Department of Corrections is ORDERED to withhold such sums from the account of the Petitioner as allowed by law, and remit the same to the Circuit Clerk of Autauga County, Alabama, to be applied against the court cost herein.

    DONE this the 4th day of June, 2002.

                                John Bush
                                Circuit Judge

RESPONDENT'S
EXHIBIT
A

*50*

## CERTIFICATE OF SERVICE

I, Joseph G. L. Marston, III, Assistant Attorney General of Alabama and one of the attorneys for the respondents, do hereby certify that on this 12th. day of June, 2002, I did serve copies of the foregoing on the petitioner, Carl Emmett Wyatt, *pro se*, at what I believe to be his address, and the petitioner's former attorneys, by mailing the same to them, first class postage prepaid and addressed as follows:

> Carl Emmett Wyatt
> A.I.S. Number: Not provided by convict.
> Post Office Box 10-8-A
> Clio, Alabama, 36017
>
> Mr. Gary A. C. Backus, Esq.
> Attorney at Law
> Gary A. C. Backus, L.L.C.
> Post Office Box 1804
> Montgomery, Alabama, 36102-1804
>
> Mr. Robert L. Bowers, Jr, Esq.
> Bowers & Bowers
> Attorneys at Law
> 401 Second Avenue, North
> Clanton, Alabama, 35045

JOSEPH G. L. MARSTON, III
MAR0032
ASSISTANT ATTORNEY GENERAL

7

*51*

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery, Alabama, 36130
(334) 242-7300


NUMBER 70228

COURT OF CRIMINAL APPEAL
STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
P.O. BOX 301555
MONTGOMERY, AL 36130-1555



*H. W. "Bucky" McMILLAN*
Presiding Judge
*SUE BELL COBB*
*PAMELA W. BASCHAB*
*GREG SHAW*
*A. KELLI WISE*
Judges

*Lane W. Mann*
Clerk
*Wanda K. Ivey*
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

<u>ORDER</u>

CR-01-1665

Ex parte Carl Emmett Wyatt (In re: State of Alabama vs. Carl Emmett
Wyatt)  (Autauga Circuit Court: CC99-322).

        Upon consideration of the above referenced Writ of Mandamus,
the Court of Criminal Appeals ORDERS that said petition be and the
same is hereby dismissed.

        Done this the 14th day of June, 2002.

_____

H.W. "Bucky" McMILLAN, PRESIDING JUDGE

CCA/wki

cc: Honorable John B. Bush, Circuit Judge
    Honorable William W. Moncrief, Circuit Clerk
    Honorable Bill Pryor, Attorney General, Respondent
    Honorable Joseph G. L. Marston, III, Asst. Atty. Gen.,
    Respondent
    Carl Emmett Wyatt, Pro Se, Petitioner
    Honorable Randall V. Houston, District Attorney
    Office of Attorney General

*53*

IN THE CIRCUIT COURT OF _AUTAUGA_ COUNTY, ALABAMA
NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

_CARL EMMETT WYATT_,  :
          APPELLANT,

VS.  :  CASE NO. _CC 99-322-60_

STATE OF ALABAMA,  :  _6-4-2002_
          APPELLEE.  :  DATE OF DENIAL

  :

## NOTICE OF APPEAL

Notice is hereby given that _CARL EMMETT WYATT_

appeals to the above - named court from the judgment of denial

of _RULE 32 ARCrP_

ENTERED IN THIS CAUSE ON THE _17_ day of _June_,

20_02_.

_____

_____

Dated: _17 June 2002_

    I am, this date, serving a copy of the foregoing on all parties

required by the A.R.A.P., via United States Mail, first class and

proberly addressed.

                         Respectfully submitted,

                         _Carl E Wyatt_

WHIT MONCRIEF
CIRCUIT CLERK

2002 JUN 19 AM 11:35

CIRCUIT CLERKS OFFICE
AUTAUGA COUNTY
FILED IN

*54*

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ . _____ |
|---|---|---|

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  *AUTAUGA* _____ COUNTY

*CARL Emmett WyATT* _____ , Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>*CC-99-322-60* | Date of Complaint or Indictment<br>*N/A* | Date of Judgment/Sentence/Order<br>*4 June 02* |
|---|---|---|
| Number of Days of Trial/Hearing<br>*0* Days | Date of Notice of Appeal<br>Oral: | Written: *12 June 02* |

Indigent Status Requested: ☒ Yes  ☐ No          Indigent Status Granted: ☐ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.      If no attorney, will appellant represent self?  ☐ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary)<br>*CARL EMMETT pro Se  A:s 2.11315* | Telephone Number<br>*N/A* |
|---|---|
| Address<br>*P.O. Box 10-8A* | City<br>*Clio* | State<br>*AL* | Zip Code<br>*26017 -870* |

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify)
_____
_____

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☐ Miscellaneous (Specify):
_____ - § _____

**F. DEATH PENALTY:**
Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____
   (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☐ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☐ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive

| Form ARAP- 26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |

**55**

H. POST-JUDGMENT MOTIONS:  List all post-judgment motions by date of filing, type, and date of disposition
(whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE:  Without argument, briefly summarize the facts of the case.

DeniAl  of  Rule 32  PETiTiOn

J. ISSUE(S) ON APPEAL:  Briefly state the anticipated issues that will be presented on appeal.  (Attach additional pages if necessary.)

WHETHER  THE  TRIAL  COURT  ERRED
IN  SUMMERILY  DENyIng  APPELLANTS
Rule 32  PETITION?

K. SIGNATURE:

17 June 2002
Date

Carl E. Wright
Signature of Attorney/ Party Filing this Form

*56*

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>____ - _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  *AUTAUGA* , COUNTY

*CARL EMMETT WYATT* , Appellant

v.  ☒ STATE OF ALABAMA  ☐ MUNICIPALITY OF _____

| Case Number<br>*CC 99-322-60* | Date of Judgment/Sentence/Order<br>*June 4, 2002* |
| Date of Notice of Appeal<br>Oral: _____  Written: *17 June 02* | Indigent Status Granted:<br>☐ Yes    ☐ No |

PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*).

*Carl E Wyatt*          *17 June 02*          *CARL EMMETT WYATT*
Signature                    Date                    Print or Type Name

PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED. Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R. App.P.)):

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a designation of the organization of the jury and arguments of counsel must be designated separately.

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER"S TRANSCRIPT:

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____          _____          _____
Signature                    Date                    Print or Type Name

DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to:  (1) Clerk of the Court of Criminal Appeals,  (2) the District Attorney,
(3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a



57



CARL Emmett Wyatt A15 211365
P.O. Box # 10 - 8 - A
Clio, Al. 36017

FILED IN
CIRCUIT CLERKS OFFICE
AUTAUGA COUNTY
2002 JUN 19 AM 11:37
WHIT HONEYCUTT
CIRCUIT CLERK

Office of Clerk
Autauga County Circuit Court
134 N. Ct. St.
Prattville, Al. 36077

*58*

```
ACR371                 A  BAMA JUDICIAL DATA CENTER
              NOTICE OF APPEAL  O THE ALABAMA COURT OF CRIMINA  APPEALS
                       Y THE TRIAL COURT CLERK
                IN THE CI CUIT COURT  OF   AUTAUGA COUNTY
STATE OF ALABAMA VS WYATT  ARL EMMETT 211315  JUDGE: JOHN   BUSH
```

APPEAL DATE: 06/19/2002

INDIGENCY STATUS:
   GRANTED INDIGENCY STA US AT TRIAL COURT:        __X__ YES _____ NO
   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  __X__ YES _____ NO
   INDIGENT STATUS REVOKED ON APPEAL:              _____ YES __X__ NO
   INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PE ITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.,  ULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 04/CC 1799 000322.60

ORDER ENTERED(DATE): 06042002 PETITION: __DISMISSED  X DENIED  __GRANTED

POST-JUDGMENT MOTIONS FILED:   DT FILED       DT DENIED      CON BY AGREE
___ MOTION FOR NEW TRIAL
___ MOTION FOR JUDG. OF ACQUIT  _____     _____     _____
___ MOTION TO W/D GUILTY PLEA   _____     _____     _____
___ MOTION FOR ATTY TO W/DRAW   _____     _____     _____
___ OTHER _____    _____     _____     _____

COURT REPORTER(S):
ADDRESS:                        _____
                                _____

APPELLATE COUNSEL #1:
ADDRESS:                        _____
                                _____
                                _____
PHONE NUMBER:                   _____

APPELLATE COUNSEL #2:
ADDRESS:                        _____
                                _____
                                _____
PHONE NUMBER:                   _____

APPELLANT (PRO SE):             WYATT CARL EMMETT 211315
ADDRESS:                        EASTERLING CORR FACILITY
                                CLIO          ,  AL   360140000
AIS #:                          211315

APPELLEE (IF CITY APPEAL):
ADDRESS:                        _____
                                _____

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: DEH
ABOVE IS ACCURATE TO THE BEST OF MY            PREPARED: 05/18/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO        _____
THIS ACTION ON THIS 28 DAY OF May , 2004         CIRCUIT COURT CLERK

**59**

```
ACR0370          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 1999 000322.61
  R: DEM                   CASE ACTION SUMMARY               RUN DATE: 12/17/2002
  E: 1                       CIRCUIT  CRIMINAL
===============================================================================
IN THE CIRCUIT COURT OF  AUTAUGA                                     JUDGE: JBB

STATE  OF  ALABAMA              VS       WYATT CARL EMMETT 211315
                                         EASTERLING CORR FACILITY
CASE: CC 1999 000322.61                  P O BOX 10
                                         CLIO, AL  36014 0000

DOB: 08/03/1941        SEX: M  RACE: W  HT: 5 06  WT: 120   HR: BRO EYES: BLU
SSN: 423487132  ALIAS NAMES:
===============================================================================
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER:

DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED:                     DATE     FILED: 12/17/2002
DATE    RELEASED:                     DATE   HEARING:
      BOND AMOUNT:         $.00         SURETIES:

DATE 1:            DESC:              TIME: 0000
DATE 2:            DESC:              TIME: 0000

TRACKING NOS:                  /                        /

   DEF/ATY:                        TYPE:                      TYPE:

                          00000                      00000

PROSECUTOR: DIXON HEATHER KENNY


= :===========================================================================
OTH CSE:   000000000000 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER: _____ SID NO:    000000000
DEF STATUS: PRISON              DEMAND:                        OPER: DEM
===============================================================================
   TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                       OPE
-------------------------------------------------------------------------------
| 12/17/2002 | CASE ACTION SUMMARY PRINTED                (AR08)     DEM |
|  11/7/02   | Petition for Relief form Conviction or Sentence filed    |
|  11/7/02   | In Forma Pauperis Declaration filed                      |
|  12/19/02  |  Petition may be filed without prepayment of filing fee. |
|            |  Costs to be assessed at conclusion of case.   John B Bush|
|            |  Circuit Judge                                           |
|  1/20/04   | Copy of Rule 32 (.60 & .61) to Assistant DA              |
|  1/22/04   | Motion to grant Petitioner's Rule 32 ARCRP Petition filed|
|  2/11/04   | Order filed - Motion Granted, Petition is granted the    |
|            | opportunity to file an out-of-time appeal  with the Alabama|
|            | Court of Criminal Appeals                                |
|            |                                                          |
|            |                                                          |
|            |                                                          |
|            |                                                          |
|            |                                                          |
|            |                                                          |
```

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

(Pursuant to Rule 32,

Alabama Rules of Criminal Procedure)



Case Number

CC ____ 99 ____ 322
ID        YR        NUMBER

IN THE ___CIRCUIT_____ COURT OF __AUTAUGA COUNTY__ ALABAMA

__CARL EMMETT WYATT_____ vs. __STATE OF ALABAMA_____
Petitioner (Full Name)                                        Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number __211315_____ Place of Confinement __EASTERLING CORR. FACILITY__

County of conviction __AUTAUGA_____

NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.

1.  Name and location (city and county) of court which entered the judgment of conviction
or sentence under attack  __AUTAUGA CIRCUIT COURT_____
__PRATTVILLE, ALABAMA_____

2.  Date of judgment of conviction  __May 8, 2000_____

3.  Length of sentence  __THIRTY (30) YEARS_____

4.  Nature of offense involved (all counts)  __MURDER_____

5.  What was your plea?  (Check one)

(a)  Guilty _____

(b)  Not guilty __✓___

(c)  Not guilty by reason of mental disease or defect _____

(d)  Not guilty and not guilty by reason of mental disease or defect _____

# APPENDIX TO RULE 32

*61*

Form for use in State Court for Petitions
for Relief from Conviction or Sentence
Imposed in State Court
(Rule 32, Alabama Rules of Criminal Procedure)

[This form is not to be used to challenge loss of good time
deductions from sentence, changes in custody classification, or jail or prison conditions.]

## READ THESE INSTRUCTIONS CAREFULLY BEFORE YOU BEGIN PREPARING THE PETITION.

1.  This petition must be legibly handwritten or typewritten, and must be signed by the petitioner or petitioner's attorney under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered completely in the proper space on the form or on additional sheets submitted with the form. This form may be obtained from the librarian or other authorized officer of the corrections institution where you are confined.

2.  Additional pages are permitted. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum and not as part of this form.

3.  Only the judgments entered in a single trial may be challenged in a particular petition. If you seek to challenge judgments entered in different trials, either in the same county or in different counties, you must file separate petitions.

4.  YOU MUST INCLUDE IN THIS PETITION ALL GROUNDS FOR RELIEF. FAILURE TO INCLUDE A GROUND FOR RELIEF IN THIS PETITION MAY RESULT IN YOUR BEING BARRED FROM PRESENTING IT IN A FUTURE PETITION.

5.  YOU MUST INCLUDE ALL FACTS SUPPORTING EACH GROUND FOR RELIEF AND YOU MUST BE AS SPECIFIC AS POSSIBLE AS TO THE FACTS.

6.  Upon receipt of the appropriate fee, your petition will be filed if it is in proper order. If you do not know the amount of the fee, ask the librarian or other authorized officer of the corrections institution where you are confined to give you this information.

7.  If you do not have the necessary fee, you may request permission to proceed in forma pauperis, in which event you must complete the declaration at the end of this form, setting forth information establishing your inability to pay the fees and costs or give security therefor. Your declaration must include financial information relating to the twelve (12) months preceding the filing of this petition.

    If you wish to proceed in forma pauperis, you must have an authorized officer at the corrections institution where you are confined complete the certificate at the end of your in forma pauperis declaration as to the amount of money and securities on deposit to your credit in any account in the institution.

8.  Complete all applicable items in the petition. When the petition is fully completed, the ORIGINAL AND TWO (2) COPIES must be mailed to the Clerk of the Court in which you were convicted

9.  You must comply with these instructions in order to have your petition promptly considered.

62

6.  Kind of trial: (Check one)

(a)  Jury  ✓

(b)  Judge only _____

7.  Did you testify at the trial?

Yes  ✓

No _____

8.  Did you appeal from the judgment of conviction?

Yes  ✓

No _____

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court  ALABAMA COURT OF CRIMINAL APPEALS

(2)  Result  CONVICTION AFFIRMED.

(3)  Date of result  October 20, 2000

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court  ALABAMA SUPREME COURT

(2)  Result  PETITION FOR WRIT OF CERTIORARI DENIED (NO OPINION).

(3)  Date of result  April 20, 2001

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:  N/A

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

**63**

Yes ___✓___          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _AUTAUGA CIRCUIT COURT_

(2) Nature of proceeding _RULE 32 PETITION_

(3) Grounds raised _THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL OR OTHER RELIEF. DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL. NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THE CONVICTION OR SENTENCE BE VACATED._

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No ___✓___

(5) Result _PETITION SUMMARILY DENIED._

(6) Date of result _June 4, 2002_

(b) As to any second petition, application, or motion, give the same information: _N/A_

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion? _N/A_

Yes _____          No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions): _N/A_

(1) Name of court _____

(2)  Nature of proceeding  N/A _____

(3)  Grounds raised  _____    **64**

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?  N/A

Yes _____          No _____

(5)  Result  _____

(6)  Date of result  _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No ✓

(2)  Second petition, etc.          Yes _____          No _____

(2)  Third petition, etc.          Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

After receiving notice that my petition had been dismissed. I prepared and mailed on June 19, 2002 a written notice of appeal. Same accompanied by a completed Reporter's Transcript Order (SEE ATTACHMENT)

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. I necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in you case, and follow the instruction under the ground(s):

✓  A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2)  Conviction obtained by use of coerced confession.

**65**

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

_____ B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

66

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

> "Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court have you filed in state court any petition attacking this conviction or sentence?

Yes ✓    No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court   AUTAUGA CIRCUIT COURT

(b) Result   PETITION SUMMARILY DISMISSED.

(c) Date of result   JUNE 4, 2002
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A. above, and this petition contains a different ground grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheet labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

> On the separate sheet(s) explain why "good cause exists why the new ground or ground were not known or could not have been ascertained through reasonable diligence when the fir petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriag of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgme under attack?

Yes _____    No ✓

**67**

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

    (a) At preliminary hearing _Robert Bowers, Jr., 401 2nd Ave. North,_
_Clanton, Al. 35045_

    (b) At arraignment and plea _Same as above._

    (c) At trial _Same._

    (d) At sentencing _Same._

    (e) On appeal _Gary A. L. Backus, P.O. Box 1804, Montgomery,_
_Al. 36102-1804._

    (f) In any post-conviction proceeding _Petitioner proceeded Pro Se._

    (g) On appeal from adverse ruling in a post-conviction proceeding _N/A at this point._

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

    Yes _____        No _✓_

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes _____        No _✓_

    (a) If so, give name and location of court which imposed sentence to be served in the future: _N/A_

    (b) And give date and length of sentence to be served in the future: _N/A_

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? _N/A_

    Yes _____        No _____

18. What date is this petition being mailed?

    Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

**68**

Page 4 (E) (Cont.)

FORM ARB A COURT OF CRIMINAL APPEALS DOCKETING STATEMENT ALSO COMPLETED. A COPY OF ALL OF THE FOREGOING WAS ALSO MAILED OF THE SAME DAY TO THE ALABAMA COURT OF CRIMINAL APPEALS.

HOWEVER, AFTER LATER CONTACTING THE CIRCUIT CLERK'S OFFICE AND SAME ASSERTING THEY HAD NOT RECEIVED A NOTICE OF APPEAL FROM ME. THE APPELLATE COURT'S CLERK RETURNED MY NOTICE OF APPEAL AND THE ACCOMPANYING FORMS TO ME. THOUGH I HAVE REPEATEDLY FILED MOTIONS, PROSE LETTERS, ETC. ATTEMPTING TO POINT OUT THAT THE FACT THAT THE TIME FOR FILING AN APPEAL OR NOTICE OF SAME HAD EXPIRED. I WAS IN NO WAY RESPONSIBLE AS I HAD PLACED A TIMELY WRITTEN NOTICE OF APPEAL IN THIS IN-STITUTION'S MAILBOX. BOTH THE CIRCUIT CLERK AND THIS COURT HAVE FAILED TO RESPOND IN ANY WAY.


Page 6 (C), "EXPLANATION FOR NEW GROUND(S) OF RELIEF"

THIS PETITION SEEKS ONLY THAT I BE ALLOWED AN OUT-OF-TIME APPEAL IN REGARD TO THE SUMMARY DISMISSAL OF MY RULE 32, PETITION.

THE ONLY RECOGNIZED PROCEDURE FOR THE CIRCUIT COURT TO GRANT AN APPEAL AFTER TIME FOR FILING NOTICE OF APPEAL HAS RUN IS FOR THE COURT TO GRANT A COLLATERAL PETITION UPON ITS FINDING THAT THE PETITIONER WAS DENIED AN APPEAL THROUGH NO FAULT OF HIS OWN. SEE LONGMIRE V. STATE, 443 So. 2D 1265, 1269 (ALA. 1982); SYMANOW-SKI V. STATE, 606 So. 2D 171 (ALA. CR. APP. 1992).

FAILURE TO ENTERTAIN THIS PETITION WILL RESULT IN A MISCARRI-AGE OF JUSTICE AS I AM ENTITLED TO AN APPEAL BY LAW IN THIS MATTER. SEE RULE 3, R.O. APP. P.; TITLE 12, § 12-22-90 ET SEP., CODE, 1975.

**69**

I am presently being denied same through no fault of my
own as I have complied with all procedural rules in regard
to the taking of an appeal. See grounds for relief and my
affidavit attached hereto. The continued denial of an appeal
will serve to deny me due process and equal protection
of the law.

## GROUNDS OF PETITION

A. The Constitution of the United States or of the State of
Alabama requires a new trial, a new sentence proceeding
or other relief.

F. The petitioner failed to appeal within the prescribed time
and that failure was without fault on petitioner's part.

### Facts in support of grounds for relief.

Having been notified that the Rule 32 petition which
I had filed in CC 99-322.60. has been summarily dis-
missed by the trial court on June 4, 2002. I prepared and
mailed on June 17, 2002 my written notice of appeal, court
reporter's transcript order, and court of criminal appeals
docketing statement. All completed signed and placed in
this institution's mailbox on the above date following adopt-
ed procedure. See attached affidavit.

I also at the same time placed copies of the afore-
mentioned documents in an envelope addressed to the
clerk of the appeals court in the same mailbox. These
were returned to me on August 8, 2002 with a stamp

*70*

showing they had been filed. Also enclosed was a note informing me that the Circuit Clerk's office of Autauga County. Had informed the Appeals Court that my written notice of appeal and the accompanying documents were never received.

"Under Rule 4(a)(1), pro se prisoners' notices of appeal are "filed" at the moment of delivery to prison authorities for forwarding to the District Court. Be Fallen v. United States, 378 U.S. 139, 12 L.Ed. 2d 760, 84 S. Ct. 1689 (Stewart, J., concurring)." Houston v. Lack, 487 U.S. 266, 101 L.Ed. 2d 245, 108 S. Ct. 2379 (1988).

Rule 4(c), R.O. App.P., provides in pertinent part that:
"(c) Appeals by Inmates Confined in Institutions.

If an inmate confined in an institution and proceeding pro se files a notice of appeal in either a civil or criminal case, the notice will be considered timely filed if it is deposited in the institution's internal mail system on or before the last day for filing..."

Thus, as my notice of appeal was placed in the receptacle designated at this institution for the deposit of U.S. mail on June 17, 2002. This well within the forty-two (42) day time limit imposed by Rule 4(c), R.O. App.P., for the filing of the notice of appeal. The fact that the notice of appeal did not reach the Circuit Clerk's office is in no way being my fault. As being a prisoner I cannot personally deliver same to that office. But as set out in the foregoing did everything which I am legally required to do in order to avail myself of the appellate process.

I would respectfully request that in light of the foregoing

*71*

RULES GOVERNING THESE PROCEEDINGS, ~~AND~~ ESTABLISHED CASE LAW RE-
GARDING THIS POINT OF LAW. PLEASE SEE ALSO Ex Parte Williams,
651 So. 2d 569 (Ala. 1992) ; Ex Parte Jones, [Ms. 1962127, June 19,
1998] — So. 2d — (Ala. 1998). THIS COURT ALLOW ME TO SUBMIT
ANOTHER NOTICE OF APPEAL AND GRANT ME AN OUT-OF-TIME APPEAL

72

— COUNTY OF BARBOUR —

— STATE OF ALABAMA —

## AFFIDAVIT

BEFORE ME A NOTARY PUBLIC IN AND FOR SAID COUNTY AND STATE AT LARGE PERSONALLY APPEARED CARL EMMETT WYATT, WHO BEING KNOWN TO ME AND FIRST DULY SWORN ACCORDING TO LAW DID DEPOSE AND STATE AS FOLLOWS.

1. MY NAME IS CARL EMMETT WYATT, I AM THE PETITIONER IN THIS MATTER, AM OVER THE AGE OF TWENTY-ONE (21), AND BOTH COMPETENT AS WELL AS WILLING TO TESTIFY IN A COURT OF LAW TO THE FACTS CONTAINED HEREIN.

2. I MAKE THIS AFFIDAVIT IN SUPPORT OF THE RULE 32 PETITION ATTACHED WHICH SEEKS AN OUT-OF-TIME APPEAL.

3. EARLIER WITH THE ASSISTANCE OF A FELLOW PRISONER I HE FILED A PRO SE RULE 32 PETITION ID CC 99-322. SEEKING TO OVERTURN THE CONVICTION AND/ANS GAIN RELIEF FROM IT AND THE THIRTY (30) YEAR SENTENCE WHICH WAS IMPOSED.

4. SINCE MY ARRIVAL AT EASTERLING CORR. FACILITY, I HAVE BEEN INSTRUCTED BY MEMBERS OF THE STAFF. TO PLACE MY OUTGOING MAIL WITH PROPER POSTAGE AFFIXED IN THE MAILBOX WHICH IS LOCATED IN FRONT OF THE COMMISSARY.

5. ON JUNE 17, 2002 I PLACED MY WRITTEN NOTICE OF APPEAL, REPORTER'S TRANSCRIPT ORDER, AND COURT OF CRIMINAL APPEALS DOCKETIN STATEMENT. ALL COMPLETED, SIGNED, AND DATED IN AN ENVELOPE ADDRESSED TO THE AUTAUGA CIRCUIT CLERK'S OFFICE.

6. THIS APPEAL WAS TAKEN IN REGARD TO THE AUTAUGA CIRCUIT COURT'S SUMMARY DISMISSAL OF MY RULE 32, PETITION ON JUNE 4, 2002.

7. AFTER AFFIXING THE PROPER POSTAGE TO THE AFOREMENTIONED

73

ENVELOPE AND ANOTHER ONE CONTAINING COPIES OF THE SAME DOCUMENTS BUT ADDRESSED TO THE CLERK OF THE COURT OF CRIMINAL APPEALS. I PLACED BOTH OF THE ENVELOPES IN THE MAIL BOX.

8. THE ENVELOPE BEARING THE ADDRESS OF THE AUTAUGA COUNTY CIRCUIT CLERK'S OFFICE WAS NOT RETURNED TO ME. THOUGH THAT OFFICE LATER CLAIMED AND STILL DOES NOT TO HAVE RECEIVED MY NOTICE OF APPEAL.

9. FURTHER AFFIANT SAYS NOT.

_Carl E. Wyatt_

CARL EMMETT WYATT

SUBSCRIBED AND SWORN TO BEFORE ME THIS 30th DAY OF OCTOBER, 2002.

_____ MY COMMISSION EXPIRES MY COMMISSION EXPIRES APRIL 29, 2003 _____

NOTARY PUBLIC

SEAL

Case Number **7H**

| ID | YR | NUMBER |

(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

(Insert appropriate court)

CARL EMMETT WYATT

(Petitioner)

vs.

STATE OF ALABAMA

(Respondent(s)

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

I, CARL EMMETT WYATT #211315 , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?     Yes _____     No ✓

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer. N/A

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

        JANUARY, 1998

        Approx. $100.00 PER MONTH.

2. Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____          No _____

    b.  Rent payments, interest, or dividends?

        Yes _____          No ✓

    c.  Pensions, annuities, or life insurance payments?

        Yes _____          No ✓

    d.  Gifts or inheritances?

        Yes _____          No ✓

    e.  Any other sources?

        Yes ✓          No _____

*December 19, 2002*
*Petition may be filed without*
*prepayment of filing fee. Costs to*
*be assessed at conclusion of*
*case.*
*Jim B Bush*
*Circuit Judge*

75

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

SMALL AMOUNTS OF MONEY FROM FAMILY MEMBERS TO PURCHASE COS-
METICS AND OTHER NECESSITIES.

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____                No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

SEE BELOW.

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____            No ✓

If the answer is "yes", describe the property and state its approximate value.

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

None

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   10/28/02
               (Date)

C. E. Wyatt
Signature of Petitioner

2/13/5

CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 5.92 on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said   Easterling   institution:

See attached

10·30·02
DATE

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR. FACILITY

*76*

AIS #:  111515              NAME:   WYATT, CARL EMMETT

THESE FIGURES ARE AS OF:   10/30/2002

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| MAY | 31 | $19.23 | $55.00 |
| JUN | 30 | $11.38 | $55.00 |
| JUL | 31 | $5.27 | $55.00 |
| AUG | 31 | $30.59 | $100.00 |
| SEP | 30 | $13.33 | $55.00 |
| OCT | 30 | $6.34 | $55.00 |

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

*77*

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _October 30, 2002_ .
_____(Date)_____

_Carl C. Wyatt_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _30th_ day of _October_ , 19 _2002_

_HRWagner_
Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
_____(Date)_____

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , 19 _____

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify th
petition.



78

36067

WHIT MONCRIEF
CIRCUIT CLERK
134 NORTH COURT STREET
PRATVILLE, AL.

LEGAL MAIL

CARL L. LAMP # 211315
EASTERLING CORR. FACILITY/8A-48
P.O. BOX 10
CLIO, AL.

36017

Certified
Mail

*79*

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT
AUTAUGA COUNTY, ALABAMA

| | | |
|---|---|---|
| CARL EMMETT WYATT | * | |
| PETITIONER | * | |
| VS. | * | CC 99-322 |
| | * | |
| STATE OF ALABAMA | * | |
| RESPONDENT. | * | |

### MOTION TO GRANT PETITIONER'S RULE 32 ARCRP PETITION

COMES NOW the State of Alabama, by and through the District Attorney for the 19th Judicial Circuit, and moves this Court to grant the above-styled Rule 32 ARCrP Petition, and as grounds therefore avers the Court to the following:

On June 27, 2001 the petitioner filed a Rule 32 ARCrP Petition. On June 4, 2002 said petition was summarily dismissed.

On June 19, 2002 the petitioner appealed this ruling by filing the appropriate paperwork to secure appeal with the Autauga County Circuit Clerk's Office. This appellate paperwork was not timely posted with the Alabama Court of Criminal Appeals. The fault of this was not that of the defendant but rather a inadvertent oversight of the clerk's office.

On November 7, 2002 the defendant filed a second Rule 32 ARCrP petition asking for an out of time appeal of his original Rule 32 ARCrP petition.

In response, the State concedes this request should be granted.

WHEREFORE PREMISES CONSIDERED, the District Attorney requests said Rule 32 ARCrP Petition be granted and petitioner be allowed to file an out of time appeal on his original Rule 32 ARCrP petition.

Respectfully submitted this the 22 day of January 2004.

Heather K. Dixon
Assistant District Attorney

CIRCUIT CLERK
WHIT MONCRIEF

2004 JAN 22 AM 10: 03

AUTAUGA COUNTY
CIRCUIT CLERK'S OFFICE
FILED IN

## CERTIFICATE OF SERVICE



I hereby certify that I have served a copy of the foregoing document on the Defendant, by and through his attorney of record, on this _22_ day of January 2004.

Heather K. Dixon
Assistant District Attorney
19th Judicial Circuit

IN THE CIRCUIT COURT FOR THE NINETEENTH JUDICIAL CIRCUIT *81*
AUTAUGA COUNTY, ALABAMA

CARL EMMETT WYATT      *
       PETITIONER      *
VS.      *      CC  99-322
       *
STATE OF ALABAMA      *
       RESPONDENT.      *

## ORDER

THE COURT, having considered the Petitioner's Rule 32 ARCrP Petition and having made the following finding that petitioner's lack of timely filing of his appeal was not through the fault of his own, it is hereby ORDERED, ADJUDGED, and DECREED that the Petitioner's Rule 32 ARCrP is GRANTED. The petitioner in this above-styled action is granted the opportunity to file an out-of-time appeal with the Alabama Court of Criminal Appeals.

Done this the 11th day of February 2004.

JOHN BUSH
CIRCUIT JUDGE

CIRCUIT CLERK
WRIT RECORDER
2004 FEB 11  PM 1:42
AUTAUGA COUNTY
CIRCUIT CLERKS OFFICE
FILED IN

# CERTIFICATE OF COMPLETION AND TRANSMITTAL
## OF RECORD ON APPEAL BY TRIAL CLERK

*82*

TO: The Clerk of the Court of Criminal Appeals of Alabama

Case No. _____ CC-99-322.60 _____

Date of Notice of Appeal
_____ 6/19/02 _____

Carl Emmett Wyatt _____
**Appellant**

v.

State of Alabama
Appellee

    I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of ___82___ pages)(_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

    I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

    DATED this __18__ day of __May_____, ___2004__.

_____
**Circuit Clerk**

Autauga
_____
**County**