IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARL EMMETT WYATT, #211315, | ) ) ) |
| PETITIONER, | ) ) |
| vs. | ) CASE NO. 2:05-CV-781-F ) |
| GWENDOLYN MOSELY, WARDEN, et al., | ) ) ) |
| RESPONDENTS. | ) |

## SUPPLEMENTAL ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, as directed by this Court's October 14, 2005 order, hereby respectfully submit this Supplemental Answer to the petition for writ of habeas corpus filed by Carl Emmett Wyatt, as amended by Wyatt's October 13, 2004 response to the Respondents' 29, 2005 Answer.

By its above-stated order, this Court construed Wyatt's October 13, 2005 response to contain a new claim for habeas relief; "[s]pecifically, Petitioner alleges that trial counsel rendered ineffective assistance by allowing Petitioner to appear before the jury in prison clothing which violated his presumption of innocence." October 14, 2005 Order, p. 1. In his response, Wyatt contended that his trial counsel rendered ineffective assistance "by letting him stand trial before a jury in a

bright orange jail house clothing." "Petitioner's Response To Court Order Dated 3 October 2005," p. 1. The Respondents deny that Wyatt is entitled to any relief whatsoever under the federal writ of habeas corpus on this claim.

## ARGUMENT

### WYATT'S AMENDED CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IS PROCEDURALLY DEFAULTED.

1. As noted in the original Answer of the Respondents, Wyatt's August 10, 2005 petition appears to have been timely filed under 28 U.S.C. § 2244 due to statutory tolling. August 10, 2005 Answer, pp. 6-7. Wyatt's amended claim also appears to be timely filed, for the same reason.[1]

2. The amended claim is procedurally defaulted, however, by Wyatt's failure to exhaust it in the Alabama state courts. As previously noted in the original Answer of the Respondents, Wyatt's independent claim of error arising from this "prison garb" issue was raised during Ala.R.Crim.P. Rule 32 proceedings

---

[1] Because of the amended claim's timeliness, the Court is not required to determine whether it "relates back" to the original petition. Cf. Davenport v. United States, 217 F. 3d 1341 (11th Cir. 2000) (untimely amended claims in Section 2255 petition reviewed to determine whether they "[arose] out of the same set of facts as [the petitioner's] original claims" for purpose of relation back under Fed.R.Civ.P. Rule 15 (c)); Mayle v. Felix, __ U.S. __, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (discussing relation back principles in review of Section 2254 petition).

2

in state court, but the Court of Criminal Appeals found the claim procedurally barred. Ex. 2D, p. 2.[23]  Wyatt did not allege that his trial counsel was ineffective regarding his alleged appearance in prison garb on direct appeal, see Ex 1B, 1D, 1E, 1G, nor in his Rule 32 proceedings and appeal, see Ex. 2A, (C. 16-21), 2B, 2D, 2F, 2H, in the state courts.

    3. Claims made in a petition for habeas corpus that were not first properly presented to the state courts are procedurally defaulted. 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system. E.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Smith v. Jones, 256 F. 3d 1135, 1140 (11th

---

[2]References to exhibits are made to those submitted with the Respondents' September 29, 2005 Answer.

[3] It is noted that, upon further review of the Respondents' September 29, 2005 Answer, undersigned counsel has found that the Answer miscited the language of the Court of Criminal Appeals's holding on this issue. In fact, the Court of Criminal Appeals held the following:

> "Wyatt contends that he was denied a fair trial because, he says, he was forced to appear before the jury in prison clothing. This claim is procedurally barred by Rule 32.2 (a)(3) and (5), Ala. R. Crim. P., because it could have been, but was not, raised and addressed at trial and on appeal."

Ex. 2D, p. 2 (emphasis added to words previously omitted from Respondents' Answer). Undersigned counsel apologizes for any confusion caused by this error.

Cir. 2001); Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003). Accordingly, Wyatt's claim is procedurally defaulted.

4. This claim, like Wyatt's other procedurally defaulted claims, is not capable of further presentation to the state courts via Ala.R.Crim.P. Rule 32; it would be precluded from review as untimely and as stemming from a successive petition. Ala.R.Crim.P. Rules 32.2 (b), (c).

5. Wyatt has not shown cause and actual prejudice arising from an alleged violation of federal law here, nor has he shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of this defaulted ineffective assistance of counsel claim. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-2565, 115 L. Ed. 2d 640 (1991); Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Wyatt's amended claim for habeas relief, along with the remaining claims raised in his August 10, 2005 petition.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## CERTIFICATE OF SERVICE

I hereby certify that on this the 31st day of October, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Carl Emmett Wyatt, AIS #211315
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, Alabama 36017

    /s/Marc A. Starrett
    Marc A. Starrett (STARM1168)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL 36130-0152
    Telephone: (334) 242-7300
    Fax: (334) 242-2848
    E-Mail: MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama 36130-0152
(334) 242-7300
226388/Wyatt
84802-001