IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CARL EMMETT WYATT, #211315, | ) ) ) | |
| PETITIONER, | ) ) ) | |
| vs. | ) ) | CASE NO. 2:05-CV-781-F |
| GWENDOLYN MOSELY, WARDEN, et al., | ) ) ) ) | |
| RESPONDENTS. | ) | |

## SECOND SUPPLEMENTAL ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and, as directed by this Court's November 10, 2005 order, hereby respectfully submit this second Supplemental Answer to the petition for writ of habeas corpus filed by Carl Emmett Wyatt, as amended by Wyatt's November 8, 2005 response to the Respondents' October 31, 2005 Supplemental Answer.

Following the Respondents' initial Answer, filed September 29, 2005, to Wyatt's August 10, 2005 initial petition, this Court construed Wyatt's October 13, 2005 response as amending his petition to allege that his trial counsel had rendered ineffective assistance by allowing him to appear in the trial court in prison clothing, and directed the Respondents to answer this claim. As directed by the

Court, on October 31, 2005 the Respondents submitted a supplemental answer demonstrating that this ineffective assistance of trial counsel claim was procedurally defaulted. Wyatt filed a response to this supplemental answer on November 8, 2005, alleging that the procedural default was caused by ineffective assistance rendered by his appellate counsel; specifically, Wyatt asserted that "my first court appointed attorney Robert Bowers Jr. allowed me to appear before a trial jury in bright orange and my second appeals attorney Gary A.C. Backus failed to argue the violation when he appealed my case to the Court of Criminal Appeals and the Supreme Court." November 8, 2005 Response, pp. 1-2. This Court, by its November 10, 2005 order, construed the response as an amended petition and directed the Respondents to respond.

The Respondents deny that Wyatt is entitled to any relief whatsoever under the federal writ of habeas corpus on this claim.

**ARGUMENT**

**WYATT'S AMENDED CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL IS PROCEDURALLY DEFAULTED.**

1. As noted in the original Answer of the Respondents, Wyatt's August 10, 2005 petition appears to have been timely filed under 28 U.S.C. § 2244 due to statutory tolling, and his first amended claim also appears to have been timely filed. August 10, 2005 Answer, pp. 6-7; October 31 Supplemental Answer, p. 2.

2

Wyatt's second amended claim, submitted in his November 8, 2005 response, also appears to be timely filed, for the same reason.[1]

2. This amended claim of ineffective assistance of appellate counsel is procedurally defaulted, however, by Wyatt's failure to exhaust it in the Alabama state courts. As previously noted in the original Answer of the Respondents, Wyatt's independent claim of error arising from this "prison clothing" issue was raised during Ala.R.Crim.P. Rule 32 proceedings in state court, but the Court of Criminal Appeals found the claim procedurally barred. Ex. 2D, p. 2.[2] Further, as previously shown by the Respondents' October 31, 2005 Supplemental Answer, Wyatt did not allege that his trial counsel was ineffective regarding his alleged appearance in prison clothing on direct appeal, see Ex 1B, 1D, 1E, 1G, nor in his Rule 32 proceedings and appeal, see Ex. 2A, (C. 16-21), 2B, 2D, 2F, 2H, in the state courts. Most pertinent to the issue at hand, Wyatt alleged no ineffective

---

[1] Because of this second amended claim's apparent timeliness, as with his first (October 13, 2005) amended claim, the Court is not required to determine whether it "relates back" to the original petition. Cf. Davenport v. United States, 217 F. 3d 1341 (11th Cir. 2000) (untimely amended claims in Section 2255 petition reviewed to determine whether they "[arose] out of the same set of facts as [the petitioner's] original claims" for purpose of relation back under Fed.R.Civ.P. Rule 15 (c)); Mayle v. Felix, __ U.S. __, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) (discussing relation back principles in review of Section 2254 petition).

[2] References to exhibits are made to those submitted with the Respondents' September 29, 2005 Answer.

3

assistance of appellate counsel claims in state court whatsoever. See Ex. 2A, 2B, 2D, 2F, 2H. He did not allege that his appellate counsel was ineffective for failing to assert an ineffective assistance of trial counsel claim regarding the prison clothing issue, nor any other allegation of ineffectiveness by appellate counsel. Id.

3. Claims made in a petition for habeas corpus that were not first properly presented to the state courts are procedurally defaulted. 28 U.S.C. § 2254 (b)(1)(A) requires the federal habeas petitioner to first exhaust his remedies in the state court system. E.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Smith v. Jones, 256 F. 3d 1135, 1140 (11th Cir. 2001); Henderson v. Campbell, 353 F. 3d 880, 897-898 (11th Cir. 2003). Ineffective assistance of counsel claims are no exception. "[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts." Kelley v. Secretary for Dept. of Corrections, 377 F. 3d 1317, 1344 (11th Cir. 2004), citing Footman v. Singletary, 978 F. 2d 1207, 1211 (11th Cir. 1992). In particular, where, as here, a petitioner seeks to utilize an ineffective assistance of counsel claim as cause for procedural default, that ineffective assistance claim itself must be exhausted in state court before it may be subject to review on its merits in federal court. "[T]he Supreme Court has made clear that a procedurally defaulted ineffective assistance of counsel claim can serve as cause to excuse the procedural

4

default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." Henderson v. Campbell, 353 F. 3d 880, 897, citing Edwards v. Carpenter, 529 U.S. 446, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) and Murray v. Carrier, 477 U.S. 478, 106 S Ct. 2639, 91 L. Ed. 2d 397 (1986). Accordingly, by his failure to first present it to the state courts, Wyatt's claim of ineffective assistance of appellate counsel is procedurally defaulted from this Court's review.

4. This claim, like Wyatt's other procedurally defaulted claims, is not capable of further presentation to the state courts via Ala.R.Crim.P. Rule 32; it would be precluded from review as untimely and as stemming from a successive petition. Ala.R.Crim.P. Rules 32.2 (b), (c).

5. Wyatt has not shown cause and actual prejudice arising from an alleged violation of federal law here, nor has he shown a resulting fundamental miscarriage of justice if this Court does not consider the merits of this defaulted ineffective assistance of appellate counsel claim. Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 2564-2565, 115 L. Ed. 2d 640 (1991); Schlup v. Delo, 513 U.S. 298, 320, 115 S. Ct. 851, 864, 130 L. Ed. 2d 808 (1995).

## CONCLUSION

For the foregoing reasons, this Court should dismiss Wyatt's second amended claim for habeas relief, along with the remaining claims raised in his August 10, 2005 petition for writ of habeas corpus and October 13, 2005 amended petition.

Respectfully submitted,

Troy King(KIN047)
Attorney General
By:


/s/Marc A. Starrett
Marc A. Starrett
Assistant Attorney General
ID #STARM1168

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of November, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

    Carl Emmett Wyatt, AIS #211315
    Easterling Correctional Facility
    200 Wallace Drive
    Clio, Alabama 36017

    /s/Marc A. Starrett
    Marc A. Starrett (STARM1168)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL  36130-0152
    Telephone:  (334) 242-7300
    Fax:  (334) 242-2848
    E-Mail:  MStarrett@AGO.State.Al.US

ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
230122/Wyatt
84802-001