IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CARL EMMETT WYATT          ,        *
#211 315
    Petitioner,                       *

    v.                                     *       2:05-CV-781-MEF
                                                             (WO)
GWENDOLYN MOSLEY, WARDEN,    *
*et al*.
    Respondents.                    *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

    This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Carl Wyatt, a state inmate, on August 15, 2005. In this petition, Petitioner challenges his conviction for reckless murder imposed upon him by the Circuit Court for Autauga County, Alabama on May 9, 2000. The trial court sentenced Petitioner to thirty years imprisonment. (Doc. No. 10, Exh. 1A.)

    Petitioner appealed his conviction. On October 20, 2000 the Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence in a memorandum opinion. The appellate court overruled Petitioner's application for rehearing on November 3, 2000. The Alabama Supreme Court denied Petitioner's petition for writ of certiorari on April 20, 2001. The Alabama Court of Criminal Appeals entered a certificate of judgment the same day. (Doc. No. 9, Exh. 1B-1I.)

Petitioner filed a Rule 32 petition, A.R.Crim. P., on May 17, 2001. The trial court denied the petition in an order issued June 4, 2002. Petitioner appealed the state court's decision to the Alabama Court of Criminal Appeals on June 19, 2002. His paperwork, however, was not timely posted with the appellate court due to an inadvertent oversight by a circuit court clerk. Petitioner then filed a second Rule 32 petition on November 7, 2002 requesting an out-of-time appeal of his original Rule 32 petition. Finding that Petitioner's lack of a timely appeal occurred due to no fault of his own, the trial court entered an order on February 11, 2004 granting the petition and affording Petitioner the opportunity to file an out-of-time appeal with the Alabama Court of Criminal Appeals. Thereafter, on August 13, 2004 the appellate court affirmed the lower court's June 4, 2002 decision denying Petitioner's Rule 32 petition. The Court of Criminal Appeals denied Petitioner's application for rehearing on November 5, 2004. Petitioner's petition for writ of certiorari was denied by the Alabama Supreme Court on March 11, 2005, and the Alabama Court of Criminal Appeals entered a certificate of judgment that same day. (Doc. No. 9, Exhs. 2B-2L; Doc. No. 10, Exh. 2A.)

Petitioner presents the following claims for relief in his § 2254 petition, as amended:[1]

1. Trial counsel was ineffective for failing to object when the jury was instructed on, and he was convicted of, the offense of reckless murder;

2. He was made to stand trial in prison clothing even though a family member had brought him civilian clothes;

---

[1] Petitioner filed responses to Respondents' answers on October 13, 2005 (Doc. No. 13) and November 8, 2005 (Doc. No. 18) which the court treated as amendments to the petition.

     3. His indictment did not support a charge of reckless murder;

     4. Trial counsel failed to object to Petitioner being tried before a jury in prison garb and this failure impacted Petitioner's entitlement to be presumed innocent until found guilty;

     5. Appellate counsel rendered ineffective assistance of counsel for failing to raise on appeal and/or in a petition for writ of certiorari that Petitioner was made to stand trial in prison clothes.

(Doc. Nos. 1, 13, 18.)

Respondents filed an answer and supplemental answers pursuant to the orders of this court in which they contend that Petitioner' claims for relief are procedurally defaulted as he failed to present his claims to the state courts in accordance with the state's procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). In support of this argument, Respondents maintain that Petitioner either failed to present his claims for relief on direct appeal, failed to present his claims to the highest state court with jurisdiction to review his claims on appeal, failed to present his claims in accordance with the state's procedural rules, or failed to present his claims to the state courts. As a result, Respondents argue that Petitioner' claims are procedurally barred from federal review. (Doc. No. 9 at 7-11; Doc. No. 16 at 2-6; Doc. No. 20 at 2-7.) *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally

barred[,] ... there is a procedural default for purposes of federal habeas."); *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

The court entered an order advising Petitioner of his procedural defaults and allowing him an opportunity to file a response addressing his defaults. (Doc. Nos. 12, 17, 21.) In his responses, the court understands Petitioner to allege that his lack of legal knowledge constitutes cause for the default of his claim that he was made to stand trial dressed in prison attire. (Doc. Nos. 13, 18, 22.) As cause for the default of his claim that trial counsel was ineffective for failing to object to him being tried before a jury wearing prison garments, Petitioner asserts that appellate counsel was ineffective for failing to raise the claim on appeal and/or in a certiorari petition. Respondents' second supplemental answer and supporting evidentiary material reflect that this assertion cannot establish cause as Petitioner likewise procedurally defaulted any such claim. (Doc. No. 20 at 2-5, Doc. No. 9, Exhs. 1B, 1D, 1E, 1G, 2A, 2B, 2D, 2F, 2H); *Murray v. Carrier*, 477 U.S. 478 (1986) (ineffective assistance of counsel will excuse a procedural default only when the ineffective assistance claim itself has been independently and properly raised); *Hill v. Jones*, 81 F.3d 1015, 1030

(11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim).

Upon review of the § 2254 petition, as amended, the answer and supplemental answers of Respondents, Petitioner's responses, and the record evidence filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

The claims presented by Petitioner in his petition for habeas corpus relief are procedurally defaulted as Petitioner failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *O'Sullivan v. Boerckel*, *supra*.; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355 (11th Cir. 2003). This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. ... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.

*Id.*" *Henderson*, 353 F.3d at 892.

### A. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892. In an attempt to meet this burden, Petitioner alleges that, with respect to his independent claim that he was made to stand trial in prison-issued clothing, he was unaware of such claim until he started researching the issue in prison.[2] He further argues as cause for the default of his claim that trial counsel was ineffective for failing to object to Petitioner being tried in his prison attire that appellate counsel failed to present this claim on appeal and/or in a petition for writ of certiorari. (*See* Doc. Nos. 13, 18, 22.)

As previously determined, Petitioner has procedurally defaulted his claim of ineffective assistance of appellate counsel because he failed to properly exhaust this claim in the state courts. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891; (Doc. No. 20 at 3-7.) While a claim of ineffective assistance of counsel will excuse a procedural default, such is the case only when the ineffective assistance claim itself has been independently and properly raised in the state courts. *Murray v. Carrier*, 477 at 489 ("a claim of ineffective

---

[2]Petitioner presented the issue of being tried in prison clothes throughout his Rule 32 proceedings. On appeal, the Alabama Court of Criminal Appeals determined that the claim was procedurally defaulted for Petitioner's failure to raise the issue at trial or on direct appeal. (*See* Doc. No. 9, Exhs. 2B, 2D, 2F, 2H; Doc. No. 10, Exh. 2A.)

assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) (a procedurally defaulted claim of ineffective assistance of counsel cannot serve as cause to excuse the default of a separate claim). Because Petitioner's challenged to appellate counsel's performance is itself procedurally defaulted, it cannot constitute cause necessary to excuse his procedural default. Moreover, Petitioner's assignment of error to appellate counsel does not in any way justify his failure to properly exhaust his ineffectiveness claims in the Rule 32 petition.

With respect to Petitioner's reliance on his lack of legal knowledge as cause for his default, this claim also provides no basis for relief from applicable procedural bars. Ignorance of the law fails to establish cause for a procedural default. *Harmon v. Barton*, 894 F.2d 1268 (11th Cir. 1990); *Smith v. Newsome*, 876 F.2d 1461 (11th Cir. 1989); *Spencer v. Kemp*, 781 F.2d 1458, 1462 (11th Cir. 1986); *see also Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling."); *Marsh*, 223 F.3d at 1220 ("[I]t is well established that 'ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing.' *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)."); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998) (equitable relief from procedural bar not justified by fact that petitioner did not understand the law). *See also Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law.").

Based on the foregoing, the court concludes that Petitioner has failed to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the

> conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Petitioner fails to make the requisite showing. Although Petitioner requests that the court address his procedurally defaulted claims under the fundamental miscarriage of justice exception, he presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims are, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Carl Wyatt be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that on or before **September 24, 2007** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 14th day of September 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE